1 PW 245
e 23 SC ¹595

206     ²204
22 SC ²312

1 PW 245
e208     ¹647

</div>

| GEORGE ULRICH, with notice to HENRY NEWMAN, terre-tenant, *against* JACOB VONEIDA.

A bond, with a warrant of attorney to confess judgment, authorizes the entry of but one judgment: the entry of a second, upon the same warrant, is wholly irregular.

It is competent for a terre-tenant, who is brought in by *scire facias* to revive a judgment, to show that the original judgment was entered without authority, was fraudulent, or otherwise wholly irregular.

ERROR to the Common Pleas of Lebanon county.

On the 15th February, 1820, a judgment was entered in the Common Pleas of Lebanon county, by virtue of a warrant of attorney, *Jacob Voneida* v. *George Ulrich*, for five hundred dollars, and within the period of five years, to wit: to April term, 1825, a *scire facias* issued to revive that judgment, with notice to *Henry Newman*, then terre-tenant of the land bound by the original judgment. At August term, 1825, the defendant filed an affidavit of defence and pleaded, *payment with leave, &c.* The cause was then removed into the Circuit court, from which it was remanded to the Common Pleas, in May, 1828, where it was down for trial in August, 1828. On the 7th August, *Weidman*, attorney for the defendant, moved the court for a rule to show cause why the entry of the original judgment should not be stricken from the record, together with all entries and proceedings thereon; on the ground that a judgment had been previously entered, upon the same warrant of attorney, in the county of Berks. On argument, the court refused to grant the motion. 14th August, 1828, the defendant entered the plea of *nul tiel record*, upon which issue was joined, which the court proceeded to try. The plaintiff having shewn the original judgment in Leba-

(George Ulrich, with notice to Henry Newman, terre-tenant, *v.* Jacob
        Voneida.)

non county; the defendant, to maintain the issue on his part, call-
ed upon *Norris*, the plaintiff's attorney, to produce the bond and
warrant upon which the original judgment was entered, which
he refused to do. The defendant then gave in evidence the
copy of a record of a judgment entered on the 14th February, 1820,
in the county of Berks, on a bond and warrant of attorney of the
same date and terms, as were recited in the judgment which was
then trying. After argument, the court decided in favour of the
plaintiff, to which exception was taken by the defendant.

The defendant's counsel then asked permission to add the plea
of *non est factum*, as to the bond and warrant, upon which the
original judgment was entered, and that said judgment was enter-
ed without authority. This plea was objected to by the plaintiff's
counsel, and rejected by the court, to which exception was taken
by defendant.

The jury being then sworn, and the plaintiff having given in
evidence the record of the original judgment, the defendant's coun-
sel asked the court to discharge the jury, and delay the trial of
the cause, upon his exhibiting the record of a judgment entered in
the county of Berks, upon the same warrant of attorney, but prior
to the entry of the judgment in the county of Lebanon, and upon
parol proof, that an endorsement on the said bond and warrant,
which was then in possession of plaintiff's attorney, shows that the
judgment in each county was entered upon the same warrant, and
then again asked the court to grant the defendant a rule to shew
cause why the original judgment should not be vacated and strick-
en from the record; which motion was refused by the court, and to
which the defendant took exception.

The defendant, having proved a notice to *Norris*, counsel for
plaintiff, to produce the bond and warrant of attorney, upon which
the original judgment was entered, offered parol evidence that
there was an endorsement on said bond, showing that a judgment
had been entered by authority thereof, in the county of Berks,
prior to the entry in the county of Lebanon, which was objected
to by the plaintiff, the objection was *sustained* and exception
taken by defendant. The defendant then offered the record of the
judgment in Berks county, to show fraud in the plaintiff, in enter-
ing the same judgment again in Lebanon, which was objected to,
overruled, and exception taken by defendant. A verdict and judg-
ment for the plaintiff were rendered in the court below, and this
writ of error was sued out by the defendant. Errors were assign-
ed in the opinion of the court, as contained in the several bills of
exception.

*Weidman*, (with whom was *Kline*,) for plaintiff in error, ad-
mitting the rule that a record, when its validity is put in issue in

(George Ulrich, with notice to Henry Newman, terre-tenant, *v.* Jacob Voneida.)

the same court, must be tried upon inspection, yet contended, that this case did not come within that rule, for by the 28th section of the act of 24th February, 1806, *Purd. Dig.* 409, a special mode was provided of creating a lien upon real estate. The prothonotary is authorised to make an entry of a note, bond or other instrument of writing, which contains an authority to confess judgment against the party, and the same shall be a lien on his real estate. There is no act of the court necessary, nor can any be legally exercised, it is not therefore a judgment of the court which must be tried by inspection, but if fraud on the part of the prothonotary, or want of authority, shall be alleged, like all other facts they must be referred to the jury.

If the court had a right to try these facts, they should have decided in favour of the defendant. In *Martin* v. *Rex*, 6 *Serg. & Rawle*, 296, the very point which arises here is settled, that a judgment entered upon a warrant of attorney, upon which a judgment had been previously entered in another county, is irregular : in this case the court had all the facts before them, which made it abundantly plain that this warrant of attorney was *functus officio* by the entry of the judgment in Berks county, the same is laid down in *Fairchild* v. *Camac*, 3 *Wash. Ct. Ct. Rep.* 558. The court erred also, in refusing the special plea offered by the defendant: by the act of the 21st March, 1806, section 6, *Purd. Dig.* 411, the right to alter the pleadings, so as to effect the merits of the cause, is given even upon the trial; and to refuse that right is error, *Sharp* v. *Sharp*, 13 *Serg. & Rawle*, 445. The case of *Hartzel* v. *Reiss*, 1 *Bin. Rep.* 291, supports the position that upon the trial of the *scire facias* suit, even *Ulrich*, the original defendant, might have given in evidence, that the original warrant of attorney was exhausted. The rule of law that no evidence shall be given as a defence to a *scire facias*, which goes to effect the legality of the original judgment, only applies to *parties* and *privies* to that judgment, and it is always competent for a third person who becomes interested, to show that the judgment is illegal or fraudulent; and this may be shown, even in a collateral action, *Griswold* v. *Stewart, et als*, 4 *Cowen's Rep.* 457. Here *Newman*, the terre-tenant, was a purchaser of the land for a valuable consideration, and the first opportunity which the law afforded him to defend against this illegal judgment, was taken advantage of. He could not have sustained a writ of error to reverse the original judgment, *Bul. N. P.* 232. *Newman* having therefore done every thing which he could do, to divest his land of this illegal lien, the court having refused to open the judgment, unless he can avail himself of his defence in the *scire facias*, his case is an anomaly in the law—a legal defence without an opportunity of making it. It was certainly competent

(George Ulrich, with notice to Henry Newman, terre-tenant, *v.*] Jacob Voneida.)

for the defendant to show, that the plaintiff acted fraudulently in entering the judgment a second time, and that the prothonotary knew the fact also, that the judgment had been entered before, and fraud is a matter of fact for the jury; and if found by them, it would have destroyed the plaintiff's right to recover, 1 *Madd. Chan.* 300, but the court would not permit us to give this evidence.

*Norris*, for defendant in error.

The motion by defendant's counsel on the 7th August, 1828, to vacate the judgment, was the legal and only remedy of the party complaining of the entry of the judgment without authority. *Cook* v. *Jones, Cowper's Rep.* 227. 2 *Strange*, 1043. *Cases Temp. Hardwick*, 220. *Strong* v. *Tomkins*, 8 *Johns. Rep.* 77. *Cassell* v. *Cooke*, 8 *Serg. & Rawle*, 296. *Neff* v. *Barr*, 14 *Serg. & Rawle*, 166. *Lysle* v. *Williams*, 15 *Serg. & Rawle*, 135. *Kabach* v. *Fisher*, 1 *Rawle Rep.* 323.

The defendant, upon his motion to vacate, was fully heard. All the evidence offered on the trial, under the plea of payment and notice, was given to the court, and after hearing it, and the counsel of *George Ulrich*, in support of it, the court rejected the application. This judgment upon motion, and on a disclosure of the merits of the defendant, is decisive against him. It is a *res judicata*. 17 *Serg. & Rawle*, 278. 6 *Term Rep.* 471. 7 *Term Rep.* 155, cases under the annuity act of 17. *Geo. III. ch.* 36. After the judgment of the court, on the motion, another trial of the same matter could not be granted to the defendant in the same or any other court, under any form or course of proceeding. All the evidence therefore offered by the defendant on the trial under the plea of payment, to impeach the validity of the original judgment was properly excluded, and this disposes of the 2d, 3d, 4th and 5th bills of exception. But, for another reason, this evidence could not be received. To a *scire facias* upon a judgment, and under the plea of payment, the law is settled that in *no case*, under any circumstances, can the validity or merits of the original judgment be enquired into for the purpose of furnishing a defence. Where a judgment has been obtained surreptitiously, it will be vacated on motion : and where it is suffered by confession or default, if there be a defence, the court will open the judgment and let the defendant into a trial. *Cowper*, 727. 8 *Johns. R.* 77. 1 *Bin.* 289. 4 *Bin.* 61. 1 *Serg. & Rawle*, 540. 5 *Serg. & Rawle*, 65. 11 *Serg. & Rawle*, 155. 15 *Serg. & Rawle*, 135. 1 *Rawle*, 323. 14 *Serg. & Rawle*, 170. The issue in law, upon the plea of *nul tiel record*, embraced in the first bill of exceptions, was tried by the court, and found for the plaintiff. Error cannot be conceived in this, and therefore none has been shown. To the decision of the court upon the issue in law, on the plea of a former recovery, the plaintiff in error, has not excepted in the court below—nor is it assigned for error in this court. Even on the argu-

(George Ulrich, with notice to Henry Newman, terre-tenant, *v.* Jacob Voneida.)

ment, the counsel for the plaintiff in error did not ask the court to permit him to assign this as a matter in which there was error. But there is no error in the replication to the plea, nor in the trial and judgment. The plaintiff may and must reply to a plea of a former recovery for the same cause of action—first, *nul tiel record,* upon which issue is taken in law to the court, and tried by the court, and if the finding be for the plaintiff, the plea is entirely disposed of. But if the plaintiff do not choose to rely upon the non-existence of the record of the judgment, he may in the second place, together with the denial of its existence, deny or traverse the fact of the recovery being for the same cause ; and the issue is then a mingled one of law and fact, and from our decisions in Pennsylvania, it appears must be tried by the jury. No formal judgment upon the existence of the record is entered by the court. The jury find for the plaintiff or defendant, and judgment is passed upon the verdict. There is no error in this. The want of a formal judgment by the court upon the plea of *nul tiel record,* when it appears with the plea of payment, and all is found by the jury, is not error: 8 *Serg. & Rawle,* 228. 6 *Serg. & Rawle,* 544---573.

The plea of a former suit pending, like all the rest, (excepting payment with leave,) was offered on the trial of the cause. The rejection of it requires no answer. A plea in abatement, after a plea in bar, cannot be received, and if received, it is a nullity. 4 *Serg. & Rawle,* 238. 15 *Serg. & Rawle,* 150. The alleged record of a recovery in Berks, for the same debt, is offered in the fifth bill of exceptions as evidence to the jury of fraud in the plaintiff. Under the plea of payment to the *scire facias,* fraud in obtaining the original judgment cannot be given in evidence. 10 *Serg. & Rawle,* 240. 13 *Serg. & Rawle,* 254. Finally, the justice of the case is with the verdict. For if it were true that judgment had been entered in Berks upon the same bond and warrant of attorney, it appears by the defendant's plea of a former recovery, that the judgment in Berks alledged to be for the same debt, was on the 15th August, 1828, at the time of the trial wholly unsatisfied; and that not a cent of the debt for which this verdict was given, had ever been paid. *George Ulrich* is insolvent. He had no real estate in Berks county, in 1820, and nothing there which the alleged judgment could bind. He then, and since, has resided in Lebanon county. He then owned a tract of land on Millback mountain, in Lebanon, intended and fixed by our judgment for the payment of this debt : And to defeat it, he assigned all his land in 1824, to his uncle, *Henry Newman,* the terre tenant. *Newman,* aware of his connexion with his nephew *George,* in relation to this judgment, when called in as terre-tenant, by the *scire facias,* did not dare to take defence. He therefore has no cause to complain of the ver-

(George Ulrich, with notice to Henry Newman, terre-tenant, *v.* Jacob Voneida.)

dict and judgment. Would a court of justice, under these circumstances, relieve the defendant on motion and vacate the judgment in Lebanon? Surely not. Vacating the judgment would vacate the debt for ever. But assuming the fact that the judgment was first entered in Berks, a chancellor would only grant relief on terms; on securing or paying the debt. 1 *Maddox Chancery*, 225, 14 *Serg. & Rawle*, 170.

The opinion of the court was delivered by

SMITH, J.—His honour, after having fully stated the case, said— The errors assigned, impeach the several decisions of the court of Common Pleas, and present as the principal question for our consideration, this point, whether it is competent for the terre-tenant, in this *scire facias*, to object to the original judgment, by showing that it was entered without authority, or fraudulently?

With regard to the parties to that judgment, it is conceded, that nothing which would have been a defence in an action upon the bond, could be pleaded or given in evidence upon the *scire facias*. But the terre-tenant, who is neither party nor privy, is he concluded? *Henry Newman* purchased the land of the defendant, for a valuable consideration, after the judgment was entered in Lebanon county. Until the *scire facias*, with notice to him, was issued, he had, however, no opportunity of questioning its validity. By that writ, he was made a party in interest, and called upon to defend his property, against the operation of the original judgment. The effect of the notice was not merely that he should show cause why execution should not issue, but why it should not issue against the land in his possession, charged with the lien of the judgment. To deny him the right of impeaching the judgment, would be to take away his only remedy, and make the call upon him for a defence, by the notice of this *scire facias*, a mockery. In 2 *Salk.* 600, Chief Justice *Holt*, says, "upon the *scire facias*, the terre-tenants will have notice, and they, being strangers to the judgment, may falsify it." See, also, 4 *Cowen's Rep.* 457. This we consider to be the rule of law, which must govern the present case, and therefore decide, that it was competent for *Henry Newman*, to shew that the judgment, on which the *scire facias* issued, was entered without authority, or fraudulently entered. It has been repeatedly determined, that a bond with a warrant of attorney to confess judgment, authorises the entry of but one judgment; and accordingly that when judgment is once entered, the warrant becomes *functus officio*. A second or subsequent judgment by virtue of the same warrant, is therefore, wholly irregular. *Add. Rep.* 267. 3 *Wash. C. C. Rep.* 558. *Martin* v. *Rex*, 6 *Serg. & Rawle*, 296. 14 *Serg. & Rawle*, 170.

The court of Common Pleas erred, in denying to the terre-tenant all opportunity of showing, by pleading it specially, or by evidence,

(George Ulrich, with notice to Henry Newman, terre-tenant, *v*, Jacob Voneida.)

under the plea of payment, with leave, &c. that the powers of the warrant of attorney by which this judgment was entered in Lebanon county, had been satisfied by a previous judgment, entered on the same bond and warrant in Berks county. We do not think that the decision of the issue upon the plea of *nul tiel record,* precluded the terre-tenant from subsequently pleading or showing by evidence, the fact of a prior judgment, entered upon the same warrant in Berks county. The question on that issue was this, is there such a judgment in Lebanon county as is set forth in the *scire facias.* This was to be determined upon inspection, and the judgment was shown. But although the record was fair to the eye; and although this was sufficient to justify the decision, yet the terre-tenant might, without inconsistency, have been permitted to prove that it was irregular for the reasons before mentioned, and ought not in good conscience, to be executed upon his land. In addition to this, as a judgment has the effect of merging the bond in it, it may fairly be enquired, on another trial, whether a second judgment could afterwards be had thereon in another county. See *Clement* v. *Bursh;* 3 *Johns. Cases*, 180. We are of opinion, therefore, that the judgment should be reversed.

GIBSON, C. J.—Except for excess of jurisdiction, the judgment of a court of record is never void, 3 *Inst.* 321. Letters of administration can be vacated only by a judicial sentence, *Cro. Eliz.* 315.; and an order of justices of the peace likewise, being a judicial act, is not *ipso facto* void, but good till it is quashed, 2 *Salk.* 674. So the judgment of a superior court is voidable only on error, (*id.*) even in the case of an outlawry, which is expressly declared to be void by a statute, 1 *Rol. Rep.* 159; and a judgment on warrant of attorney is, in contemplation of law, a judgment rendered by the court. On the plea of *nul tiel record*, then, how could the court below enquire whether the authority on which the judgment was entered, had been exhausted by entering a previous judgment in another county? The defendant had no remedy, but an application to have the judgment set aside, and to that he had had recourse without success, and probably for a good reason. No one will pretend that a second recovery for the same cause is merely void, or, where the previous recovery has not been pleaded, even erroneous. The court below, then, had before it a judgment irregular, if you will, but unreversed, which in a collateral proceeding between the same parties, it was proposed to destroy. In *Share* v. *Becker*, 8 *Serg. & Rawle*, 241, the defendant in a *scire facias* on a judgment upon a report of arbitrators, was not permitted to gainsay the judgment by evidence of irregularity in the proceedings, which is the very case at bar; and in the lessee of *Hiester* v. *Fortney*, 2 *Bin.* 40, it was held that a judgment on a *scire facias*, after one *nihil*, which of course might

(George Ulrich, with notice to Henry Newman,. terre-tenant, *v.* Jacob Voneida.).

have been set aside or reversed on error, can not be questioned collaterally in another suit, and the same doctrine was asserted in *King* v. *King*, *ante*, 19. There is an endless list of authorities for this familiar elementary principle, which is the foundation of even the English practice in setting aside judgments surreptitiously obtained on warrant of attorney, without which, it is said, the party would be without remedy*—in other words, he would not be able to take advantage of the irregularity on a *scire facias*, by evidence or pleading. On the plea of *nul tiel record* therefore, it seems to me the court did right to give judgment for the plaintiff.

ROGERS J. concurred with GIBSON, C. J.

Judgment reversed, and a *venire de novo* awarded.

---

* See *Cook* v. *Jones*, *Cowp.* 727-8.—Reporters.