### GEORGE D. HARTER BANK v. STRAUS.

(Circuit Court, E. D. Pennsylvania.   May 25, 1909.)

#### No. 490.

JUDGMENT (§ 46*)—WARRANT TO CONFESS—CONSTRUCTION—"US, OR ANY OR EITHER OF US."

 A warrant of attorney contained in a joint and several note signed by eight makers authorizing the holder to have judgment confessed against "us, or any or either of us," is not exhausted by the entry of judgment against one or more but not all of the makers, but is the equivalent of eight separate warrants each signed by one of the makers, and the holder may at his election enter a several judgment against each maker.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 65; Dec. Dig. § 46.*

 For other definitions, see Words and Phrases, vol. 8, p. 7223.]

On Rule to Vacate Confessed Judgment.

Dimner Beeber, for plaintiff.

E. Cooper Shapley, for defendant.

J. B. McPHERSON, District Judge.   The facts upon which this rule is to be determined are not in dispute.   On July 17, 1903, the following written instrument was executed in Canton, Ohio:

$16,000.               Canton, Ohio, July 17, 1903.

 On Oct. 1, 1903, after date, without grace, we jointly and severally, as principal debtors, promise to pay to the order of The Geo. D. Harter Bank, sixteen thousand dollars, at said bank, with interest at the rate of 8 per cent. per annum after maturity, and we consent and agree that after this obligation shall have become due, the time of payment thereof may be extended from time to time, by any one or more of us, without even the knowledge or consent of the other or others of us, and in case of such extensions and notwithstanding the same, we shall and will remain and continue liable thereon, as if no

such extensions had been made. And we hereby authorize and empower any attorney of any court of record, in the state of Ohio or elsewhere, in our name or behalf, or in the name or behalf of either of us, to appear before any such court of record, at any time after the above obligation shall have become due, waive the issuing and service of process, and at the suit of said payee, or any endorsee, or legal holder of such obligation, without notice to us, confess judgment against us, or any or either of us, in favor of said payee, endorsee, or legal holder of said obligation, for the amount that may appear due thereon, for principal and interest, and also for costs of suit; and also to release all errors in the judgment so confessed, and to waive all right and benefit of appeal, and any and all proceedings to set aside, vacate, open, suspend or reverse such judgment, or any execution issued thereon.

The United Sheet & Tin Plate Co.,
M. F. Straus, Prest.   [Seal.]
Lakin C. Taylor. ·     [Seal.]
J. H. Eller.           [Seal.]
Thos. Hackett.
H. Hess.
M. F. Straus.
A. T. Stone.
R. L. Shoemaker.

So far as appears, no action was taken thereon by the payee until January 23, 1908, when judgment by confession was entered in Canton, Ohio, against Lakin C. Taylor, A. T. Stone, J. H. Eller, R. L. Shoemaker, and H. Hess. Execution was then and there issued upon the judgment, and a certain sum of money, less than the principal of the note, was realized. Other payments, either before or after January 23d, were also made, for which credits were duly given, the result being that on January 27, 1909, there was still due upon the note the sum of $12,477.18, principal and interest. No judgment had yet been entered against the United Sheet & Tin Plate Company, nor against Thomas Hackett and M. F. Straus, either jointly or severaly, but on the date last named, January 27th, a judgment by confession was entered in the Circuit Court of the United States for the Eastern District of Pennsylvania against M. F. Straus, severally, for $12,477.18. On January 30th the defendant, Straus, obtained the pending rule to show cause why the judgment should not be vacated, and he now urges in support of the rule that the warrant to confess judgment was exhausted on January 23, 1908, when judgment was entered in Canton against five of the makers. Whether the warrant to confess judgment was thus exhausted, is the only question for decision.

Apparently the point is of first impression. I have been referred to no case that decides it, and I have found none that bears importantly upon it. It is of little consequence whether the law of Pennsylvania or the law of Ohio is to be regarded as controlling, for neither state has determined the question either by legislation or by the decision of its courts. It is no doubt true, as was ruled in Hamilton v. Schoenberger, 47 Iowa, 385, that a confession of judgment pertains to the remedy, and is therefore governed in some respects by the law of the state in which the confession is to be entered. Accordingly it was held by the Supreme Court of Iowa that, as the Code of that state had covered the whole subject of recovery and rendition of judgments, a confession of judgment executed in Pennsylvania, which

differed in material respects from the provisions of the Iowa Code, could not be formally enforced in the latter state. Upon the other hand, it may probably be accepted as equally true that, where a warrant of attorney is executed and delivered in the state of Ohio, the substantive rights of the parties to the warrant will be determined by the law of that state, and will be enforced even in a jurisdiction where the substantive rights may be different, unless some reason of public policy should prevent. Forsyth v. Barnes, 228 Ill. 326, 81 N. E. 1028. But these questions seem to be academic in the present inquiry, for there is no contention that the law of Ohio differs in any respect from the law of Pennsylvania, so far as the substantive rights of the parties to this agreement are concerned, nor so far as the method of procedure is concerned by which the warrant was executed in this court.

The single point, therefore, is: What rights did the payee acquire by the execution and delivery of the note and the accompanying warrant to confess judgment? Or, perhaps, the point may be still further limited, so as to read: What rights did the payee acquire that can be enforced in the state of Pennsylvania? Assuming the law of Ohio and Pennsylvania to be identical, I turn to the Pennsylvania decisions that have been cited, observing, as I pass, that no Ohio decision has been referred to that is in conflict or is in point. But, indeed, a similar remark may be made concerning the Pennsylvania decisions to which the defendant has referred. None of these has to do with the question now under consideration. In Martin v. Rex, 6 Serg. & R. (Pa.) 296, judgments on successive dates were entered on the same bond against the same defendant in different counties, and it was held that, when the judgment was entered on the first date in the first county, the warrant was executed. But this was not the case of a joint and several judgment. In Neff v. Barr, 14 Serg. & R. (Pa.) 166, judgments were confessed on the same day, by virtue of the same warrant, against the same two defendants in two different counties, and the question was simply which judgment was entitled to precedence. It was apparently conceded by the Supreme Court of Pennsylvania that whichever judgment was entered first exhausted the power. Adams v. Bush, 5 Watts (Pa.) 289, was a plain case. A single defendant had given a bond in a penal sum conditioned for the delivery of logs at different dates, and an attempt was made to enter five judgments thereon for different sums. It was, of course, held that this could not be done, and that only one judgment could be entered upon the bond for the penal sum. Ulrich v. Vonneida, 1 Pen. & W. 245, was the case of two judgments upon the same warrant against the same single defendant in two separate counties upon different dates, and it was ruled that the entry of the two judgments upon the same warrant was irregular. To the same effect is Ely v. Karmany, 23 Pa. 314, and Philadelphia v. Johnson, 208 Pa. 645, 57 Atl. 1114, where the cases already referred to are reviewed.

Obviously, these decisions do not touch the question now involved. Here is a warrant to confess judgment signed by one corporation and seven individuals, following a joint and several obligation to pay money, and authorizing the confession of judgment against "us, or

any or either of us," for the amount that may appear to be due thereon. This is the full equivalent of eight separate warrants, signed by each maker of the note, authorizing judgment to be entered against the signer, either individually, or jointly with all the others, or jointly with any one or more of the others. And it cannot be doubted that in this case "or" includes "and." Otherwise the power would be exhausted if the judgment was entered against only one of the signers, a result that is so absurd as hardly to need refutation. It is manifest that each maker of this note intended to obligate his individual property for its payment, and to that end authorized the entry of a judgment against him. To say, therefore, that the power was exhausted when a judgment was entered against one or some of the signers, is to reach a conclusion that, when the maker pursued his remedy against these, presumably at the place where he was most likely to obtain results against them, he thereby surrendered his right to pursue the others; and this does not commend itself as a correct construction. It amounts to holding that, when a creditor has been given a power to pursue eight debtors, either jointly or severally, as he may elect, and he elects to pursue five jointly in the first instance, he is thereby conclusively presumed to have abandoned his right to pursue either or any, or all, of the other three against whom he has then taken no action whatever. Suppose that the three debtors, against whom the plaintiff did not proceed in Canton, had no property there, while the other five did have some assets within the grasp of a local execution; what possible reason required the creditor to proceed against the property of the five that was then exposed to his process, at the risk of giving up all his rights against the other three debtors, who in all probability had no property whatever there within reach of the law? I think it would be technical in the extreme to adopt the position contended for by the defendant. Whatever strength it might be necessary to concede to his argument in obedience to legal principles, if the obligation were joint, and not joint and several, it is, I think, enough to note that the agreement here is not only joint, but is also several; and that, if the several obligation is to have its ordinary meaning, it must be held to declare that each of the several debtors may be pursued as an individual, and as an individual may be compelled to respond wherever the creditor may elect to follow him. This does not hold that more than one judgment can be entered against the same defendant.

We have passed the point, I think, in the history of the law when it seemed almost shocking to suppose that more than one judgment could be entered upon the sacred record in a common-law action. There is a good deal of legislation on this subject in Pennsylvania, as well as elsewhere; but, without referring to it, I think it may safely be said that, where the parties themselves have agreed that there may be more judgments than one upon an obligation to which they have set their hands, the courts need not shrink from carrying out their contract.

The rule to vacate the judgment is discharged.