# Philadelphia *v.* Johnson, Appellant.

*Landlord and tenant—Amicable action—Ejectment—Judgment—Second Judgment.*

Where a judgment has been entered under an ejectment clause in a lease, no second judgment can be entered under the same clause; and this is the case although the first judgment may have been prematurely entered, or may have been voidable from matters outside the record. In such a case it is immaterial that the lease contained a release of errors in connection with the warrant of attorney to enter judgment. Such release does not reach the defect of a lack of authority to proceed, but operates only on errors or irregularities in the proceedings apparent on the record.

Argued Oct. 12, 1903.    Appeal, No. 85, Oct. T., 1903, by defendant from order of C. P. No. 2, Phila. Co., June T., 1902, No. 2338, discharging rule to open judgment in case of Philadelphia v. Frank Johnson.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Rule to open judgment entered under an ejectment clause in a lease.

The petition for the rule averred:

That said suit was entered and judgment confessed by Thomas Fowler, Esq., acting as attorney for this deponent, as he alleges by virtue of a warrant of attorney, contained in a certain lease between the city of Philadelphia, by its duly constituted agent, S. W. Bookhammer, and this deponent, dated the 10th day of May, 1901, but, as your affiant is advised and believes, the said Thomas Fowler acted wholly without authority, because that heretofore, to wit: on the 5th day of June, 1902, in a certain suit, to wit: the said City of Philadelphia v. Frank Johnson, C. P., No. 2, of June term, 1902, No. 844, one certain George A. Bullock, Esq., had exhausted said warrant of attorney in having then and there appeared in the court of common pleas, No. 2, as of said term and No. 844, and entered an amicable action and confessed judgment in ejectment on said identical warrant of attorney.

Wherefore, your affiant is advised and believes that the first mentioned judgment, to wit: No. 2,338, is void.

The city of Philadelphia in its answer to the petition averred that the first mentioned judgment, No. 844, was satisfied by reason of the fact that it appeared that the action in ejectment was prematurely brought, due to the fact that the city of Philadelphia had apparently accepted rent from the defendant, Frank Johnson, after the said city had served notice on the said Frank Johnson to vacate the premises, and by the accepting of said rent. rendered its notice to vacate void.

By the terms of the lease between the said city of Philadelphia and said defendant the city of Philadelphia was to give the said Frank Johnson ten days' notice to vacate upon the said city desiring to repossess said premises.

The city of Philadelphia, therefore, after apparently accepting the rent subsequent to the serving of notice to vacate, properly discontinued the action brought, to wit: No. 844. The city of Philadelphia did then, after said ejectment was satisfied, notify said Frank Johnson to vacate the premises according to the terms of the lease, to wit: by a ten days' notice, which said notice was dated and served upon the said Frank Johnson June 16, 1902.

Upon the failure of the said Frank Johnson to deliver the premises to the city of Philadelphia at the expiration of the time set forth in said notice, it immediately, to wit: on July 11, 1902, entered an amicable action in ejectment against the said Frank Johnson, in which judgment was given in favor of the defendant by reason of the warrant of attorney authorizing confession of judgment, and execution exit and possession was given to the said city of Philadelphia.

The said Frank Johnson further, by said lease, released to the city of Philadelphia all errors and defects whatsoever in entering such action or judgment, or causing such writ of habere facias possessionem to be issued, or in any proceeding thereon or concerning the same, and agreed that no writ of error or objection or exception should be made or taken thereto.

*Error assigned* was order discharging rule to open judgment.

*Robert B. Kelly*, for appellant.—Where a judgment is entered on a bond and warrant of attorney, the power of the warrant

is exhausted thereby and a second judgment entered thereon will be set aside : Campbell v. Canon, 1 Addison, 267 ; Livezly v. Pennock, 2 Browne, 321; Palmer v. Hohman, 47 Pitts. L. J. 96; Adams v. Bush, 5 Watts, 289 ; Manufacturers', etc., Bank v. Cowden, 3 Hill, 461; Ely v. Karmany, 23 Pa. 314; Dixon v. Miller, 20 Pa. C. C. Rep. 335.

*Clifford S. Beale,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellee.—If the landlord does not dispossess the tenant the law will imply a new letting under the same terms and covenants as were contained in the old lease : Phillips v. Monges, 4 Whar. 226 ; Hemphill v. Flynn, 2 Pa. 144; Laguerenne v. Dougherty, 35 Pa. 45; Muller's Estate, 14 W. N. C. 308; Harvey v. Gunzberg, 148 Pa. 294 ; Hollis v. Burns, 100 Pa. 206 ; MacGregor v. Rawle, 57 Pa. 184.

Where a tenant receives the notice to quit required by the lease and is allowed by the landlord to remain over, the notice is withdrawn and the old lease renewed : Supplee v. Timothy, 124 Pa. 375 ; 23 W. N. C. 386.

Where, by the provisions of a lease, it is to continue for an additional term in the event of tenant's holding over, a notice to quit given by the landlord or a notice of intention to quit given by the tenant does not terminate the relation, if the tenant in fact holds over : McNamee v. Cresson, 3 W. N. C. 450; McBrier v. Marshall, 126 Pa. 390 ; Graham v. Dempsey, 169 Pa. 460; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599.

OPINION BY SMITH, J., November 16, 1903 :

None of the rights arising from the relation of lessor and lessee are in controversy here ; hence the authorities respecting them have no application.   The issue in the case does not involve the right, but the remedy.   The question before us is whether the power given in the lease authorized the entry of the judgment of July 11, 1902, a judgment under its authority having been entered on June 5, 1902.

A power exists in law only for some purpose, and when fully executed by the accomplishment of its purpose it is exhausted. The authority given by it ends when nothing remains to be done in pursuance of it.   It may even be exhausted without

being executed, when its purpose has been otherwise accomplished: Swift's Appeal, 87 Pa. 502.

The purpose of the power or warrant of attorney in the present case was the entry by confession, in an amicable action, of a judgment in favor of the lessor against the lessee. This power was completely executed, and its purpose accomplished, by the entry of the judgment of June 5, 1902. The power authorized nothing further, and nothing further remained to be done in pursuance of it. It became merged in the judgment. It is not material that it may have been prematurely executed, or that the judgment thus entered may have been voidable from matters outside the record. Though in the execution of the power the plaintiff may have misconceived his right of action under it, the power nevertheless remains fully executed; the execution cannot be recalled; and the power is exhausted. It was not the case of an imperfect execution of the power, but of a perfect execution, with its effect liable to be defeated through matters not entering into the act of execution. Yet it is by no means clear that it was so defeated. In the history of the case it is said that " the suit was discontinued by the appellee; " the plaintiff's answer to the defendant's application to vacate the judgment sets forth, first, that the judgment " was satisfied by reason of the fact that the action in ejectment was prematurely brought,"—the lessor having accepted rent after the notice to quit by which he intended to end the term,—and next, that the plaintiff " discontinued the action brought." This leaves much to conjecture. A discontinuance after judgment is unknown in practice ; and, while a recovery in ejectment may be released, the satisfaction of a judgment implies that its fruits have been received by the plaintiff. But, whatever the import of these allegations, it is undeniable, on both principle and authority, that the power was fully executed by the entry of judgment, and thereupon ceased to exist.

The question here involved has been presented under various aspects in our courts, and the authorities respecting it have been clear and uniform. In Campbell v. Canon, Add. 267, judgment was entered on a bond and warrant, and after a year and a day without execution a scire facias was issued ; then, to have immediate execution, the scire facias was discontinued, another judgment was entered on the warrant, and an execu-

tion was issued thereon.  On motion to set aside this judgment and execution, the court said : " We think this warrant of attorney authorized the entry of only one judgment, and was satisfied by the entry of the first judgment.  The second judgment and the execution on it must therefore be set aside as irregular."  In Martin v. Rex, 6 S. & R. 296, judgment on a bond and warrant was entered first in Montgomery county and afterward in Philadelphia county.  A rule to strike off the latter was made absolute, and in affirming this the Supreme Court said : " This judgment was clearly entered irregularly ; the warrant was to enter a judgment, which was done in Montgomery county, after which the warrant had no force."  In Neff v. Barr, 14 S. & R. 166, on a bond and warrant " to confess judgment or judgments in any of the courts of record of the state," judgments were entered in York and Lancaster counties, and an issue was directed to determine in which county the judgment was first entered.  On writ of error the Supreme Court said : " The court in which the second judgment was entered would, under common circumstances, vacate it," citing Martin v. Rex, supra.  Ulrich v. Voneida, 1 P. & W. 245, involved the same question, and the Supreme Court, citing the preceding cases, said : " It has been repeatedly determined that a bond with warrant of attorney to confess judgment authorizes the entry of but one judgment ; and accordingly that when judgment is once entered the warrant becomes functus officio.  A second or subsequent judgment by virtue of the same warrant is therefore wholly irregular."  In Adams v. Bush, 5 Watts. 289, on a bond for the performance of certain conditions in five installments, with a warrant " to confess judgment or judgments," separate judgments were entered at the same time for the amounts claimed as accruing on each installment.  It was held that there was no authority to enter these judgments, and further that the court below had no power to consolidate them into one, and all were stricken off.  In Ely v. Karmany, 23 Pa. 314, judgment was entered first in Lancaster and then in Lebanon county, on a note containing a confession of judgment by the defendant.  A rule to strike off the latter was made absolute, and in affirming this the Supreme Court said : " The instrument on which the judgments were entered is, in construction of law, a power given to the prothonotary.

He has no better right than an attorney at law to enter two judgments under a single warrant. The entry of the first judgment exhausts the power, and the court committed no error in vacating the second.''

In legal effect, there is no difference between the entry of judgment, on warrant of attorney, for a debt, and an entry of judgment in ejectment.

The release of errors in connection with the warrant of attorney operates only on irregularities in the proceeding apparent on the record. It does not reach the defect of a lack of authority to proceed. In Neff v. Barr, Adams v. Bush, and Ely v. Karmany, supra, there was a release of errors. In each of these cases, however, as in the one before us, the power had terminated before the entry of judgment; a defect of authority, arising from matters extrinsic to the record, not embraced in the release. In Davis v. Hood, 13 Pa. 171, a judgment having been entered on bond and warrant, containing a release of errors, a writ of error by the defendant was quashed on motion, before the return day, the court holding that " the manner in which the judgment had been entered was right, and it being apparent from the record that there was no error in the matter.'' There was no suggestion of a lack of authority to confess the judgment, and in other respects there was no difference between that case and the one before us, or the other cases cited.

In the case in hand, the court below gave no reason for discharging the rule. For the reasons already given, the rule should have been made absolute.

The order discharging the rule is reversed, and the rule is reinstated and made absolute.