## Susquehanna County Treasurer v. Wright.

*Tax sales—County treasurer—Surplus bond—Judgment entered inadvertently—Rule to strike off.*

1. The entry of judgment upon the surplus bond given by the purchaser of lands at a county treasurer's sale for taxes exhausts the rights and remedies available by reason of the warrant of attorney to confess judgment contained in the bond. It is immaterial that such judgment may have been entered inadvertently.

2. The obligor and obligee are not the only persons interested in such bond or proceedings for its enforcement, and their agreement to strike off the judgment entered in error is not sufficient to move the court.

3. Where it appears of record that such judgment was entered by inadvertence, and not by design or intent, the judgment may be stricken off upon the joint application of obligor and obligee in a case where a new warrant of attorney to confess judgment is tendered to be attached to or endorsed upon the former bond.

Rule to strike off judgment. C. P. Susquehanna Co., Aug. T., 1919, No. 98.

*W. A. Skinner,* for rule.

SMITH, P. J., June 4, 1923.—The application to strike off judgment entered upon a surplus bond for $1300, given by the defendant to John F. Moffatt, then county treasurer, as purchaser of land at tax sale, is by separate petitions contemporaneously presented to us by Stanley Loomis, the present county treasurer, and the defendant; for the reasons set forth, that "Instead of having the bond recorded and filed in the prothonotary's office," as required by section 1 of the Act of May 8, 1895, P. L. 47, "through inadvertence and misunderstanding, judgment was entered upon the bond by the prothonotary for the sum of $1300 in the above number and term."

It will be observed that it is thus agreed by both parties that we shall so strike off the judgment. At the same presentation of these petitions, that of the defendant had incorporated therein his agreement "that if said judgment is now stricken from the records, that judgment may be entered upon said bond again in the future or action brought upon said bond in case there is a breach of the condition of said obligation, or in case the county treasurer or his successor in office deems it necessary or desirable to proceed upon said bond or enter judgment thereon in order to enforce the obligation therein incurred."

In view of our purpose to grant the prayer of the petitioner and strike off this judgment, we are led to state that the application raises a new and important question, in which our action will create a new precedent; we think we should state fully the reasons influencing us and the conditions which we are clear warrant our course, and to some extent refer to the law relating to such surplus bonds and the proceedings therein provided by statute.

That it should contain or be accompanied with a warrant of attorney to confess judgment against the obligor; if not so in form, tax title is void by the 2nd section of the Act of April 3, 1804, 4 Sm. Laws, 201 (Rank *v.* The Dauphin and Susquehanna Coal Co., 1 Pearson, 453), and a form of such bond is given in 2 Eastman on Taxation, 939; when this act was passed sales were by the sheriff or coroner, late and now by the county treasurer, to whom the bond must now be payable.

While the Act of May 8, 1895, requires that such bonds shall be delivered by the treasurer to the prothonotary, who shall forthwith record them in the "Surplus Bond Record," and remain on file in his office and be thereafter a lien for five years on the lands sold for taxes (section 5 of the Act of April 14, 1840, P. L. 349, 1 Eastman on Taxation, 242), there appears to be no statu-

tory requirement as to the time of entry of any judgment by virtue of the warrant of attorney. This can be done at any time, and whether by mistake or inadvertence of either the prothonotary or county treasurer, once entered the power is completely executed and its purpose accomplished. "It became merged in the judgment. It is not material that it may have been prematurely executed or that the judgment thus entered may have been voidable from matters outside of the record." From opinion, Philadelphia *v.* Johnson, 208 Pa. 645, rendered by the Superior Court and adopted by the Supreme Court *per curiam.*

The obligor and county treasurer are not the only persons interested in such bond or possible proceedings for its enforcement. The county treasurer is the legal owner in whose name action must be brought thereon, but for the benefit of those who may be the beneficial or equitable owners, to whom the moneys thereby secured are ultimately payable: 1 Eastman on Taxation, § 262, and citations in note. The two are interested from the fact that in Irish *v.* Johnston, 11 Pa. 483, the proceeding to collect was by judgment by virtue of the warrant of attorney, and in Crawford *v.* Stewart, 38 Pa. 34, by a suit on the bond.

It is clear that we have in charge the protection of such beneficial owners as well as the defendant and county treasurer, and that by the mere striking off judgment without more, they would be deprived of the protection of such warrant of attorney, proceedings upon which and by suit we have seen are cumulative; and judgment could not be again entered on the bond by virtue of its authority under the decisions above quoted of Philadelphia *v.* Johnson, 208 Pa. 645.

It would not do to leave the matter in this situation, and were we to grant the prayer of the petition, other equally effective means of protection must be provided; which we think can be done by the defendant executing a new power of attorney containing proper recitals and attaching to it the surplus bond or endorsing it thereon; and we are urged to so interpret the language of the agreement of the defendant for re-entry of judgment on such bond, which we have above quoted in this opinion from his petition in this case. We do not think it capable of such interpretation, notwithstanding it was so intended.

A legally phrased warrant of attorney to confess judgment will not be misunderstood, and while varied verbiage has been sustained, as such, we find no authorities supporting the above quotation as such, and its insuperable objection is that it is not "annexed" to the bond as required by the language of the Act of 1804, *ante.* This objection, however, has now been overcome by the tender to the court and annexation to the surplus bond of the warrant of attorney to confess judgment therein containing proper recitals; by virtue of which we do not doubt our authority to strike off this judgment; moved thereto otherwise only by the agreed fact that the judgment we are about to strike off was entered by "inadvertence and misunderstanding" of the parties; for had it been advisedly and by their intention and purpose so entered, then, even with a willingness to have it stricken from the record, we would be precluded from affording such relief. We, therefore, enter the following order, to wit:

And now, to wit, June 4, 1923, it appearing by the plaintiff and defendant in this action that the entry of judgment herein was by "inadvertence and misunderstanding" of the parties thereto and was not their intention, but rather that it be only recorded in the "Surplus Bond Record" and remain on file in the prothonotary's office, as provided by the 1st section of the Act of

4 D. & C.

May 8, 1895, P. L. 47. And the said defendant having agreed to and executed a new warrant of attorney to confess judgment on said surplus bond with proper recitals, which has been endorsed upon said bond and signed by him, the judgment therein heretofore entered is hereby stricken off and said bond to be withdrawn by the prothonotary from the files of the number and term hereof and by him copied in the "Surplus Bond Record" in his office, together with the new warrant of attorney to confess judgment endorsed thereon and this decree, and thereupon filed and to remain in his office among the files where such surplus bonds are kept.

From Gerritt E. Gardner, Montrose, Pa.