# Union Bank of Nanty-Glo *v.* Schnabel et al., Appellants.

*Judgment—Confession of judgment—Two warrants to confess—Separate parties—Exhaustion of warrant—Unauthorized entry of judgment.*

1. Where a promissory note signed by the maker alone contains on its face a warrant of attorney to confess judgment, a judgment entered against the maker and other persons whose names appear as guarantors on the back of the note, is invalid as against such other persons.

2. Where such a note is signed by persons on its back as guarantors together with a warrant of attorney to confess judgment against such guarantors, a joint judgment entered against the maker and guarantors by reason of the power contained on the face of the note, will not prevent an entry of judgment against the

guarantors alone based on the warrant contained in the guaranty on the back of the note.

3. The inclusion of the names of the guarantors in the first judgment entered will be treated as a surplusage.

Argued October 3, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 166, March T., 1927, by Dan R. Schnabel and Herman J. Widmann, from order of C. P. Cambria Co., Sept. T., 1926, No. 587, discharging rule to strike off judgment, in case of Union Bank of Nanty-Glo v. Schnabel et al. Affirmed.

Rule to strike off judgment. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Dan R. Schnabel and Herman J. Widmann appealed.

*Error assigned* was order, quoting record.

*Edward J. Harkins,* for appellants.—A written instrument containing a confession of judgment authorizes the entry of but one judgment, and, when judgment is once entered, the warrant becomes functus officio and a subsequent judgment entered by virtue of the same warrant is wholly irregular: Ely v. Karmany, 23 Pa. 314; Mars National Bank v. Hughes, 243 Pa. 223; Bellevue Boro. v. Hallett, 234 Pa. 191; Phila. v. Johnson, 208 Pa. 645; Com. v. Massi, 225 Pa. 548; Ulrich v. Voneida, 1 P. & W. 245; Osterhout v. Briggs, 37 Pa. Superior Ct. 169; Swift's App., 87 Pa. 502.

The prothonotary has no authority to enter judgment on a copy of a written instrument containing a confession of judgment: Oberlin v. Parry, 287 Pa. 224.

*Geo. W. Griffith,* of *Jones & Griffith,* for appellee.— The attempt of the prothonotary to enter a joint judgment against the maker and the sureties or guarantors was not sustained by the separate warrants contained

on the face of the note and the collateral agreement on the reverse side thereof, and did not constitute the substance of a judgment against the sureties or guarantors; the power to confess judgment against the sureties or guarantors was unused and unexhausted and was available for entering judgment thereon against the sureties or guarantors: Eddy v. Smiley, 26 Pa. Superior Ct. 318; Oberlin v. Parry, 287 Pa. 224; Blatt Hardware Co. v. McCarthy, 54 Pa. Superior Ct. 463; Agricultural Trust Co. v. Brubaker & Shaub, 73 Pa. Superior Ct. 468.

OPINION BY MR. JUSTICE FRAZER, November 28, 1927:

The subject-matter of this dispute is a judgment note for $6,000, dated March 22, 1922, payable to the Union Bank of Nanty-Glo, one day after date, signed by the Park Hill Coal Company, a corporation, as maker and carrying on its face a warrant of attorney to confess judgment. On the reverse side of the obligation is a printed form of assignment to the bank, with a guaranty of payment at maturity and direction authorizing any attorney of record to confess judgment against the persons who executed the assignment and guaranty. Payment not having been met, plaintiff, on November 25, 1925, delivered to and filed the note with the prothonotary of Cambria County, with instructions to enter judgment against the Park Hill Coal Company, Dan. R. Schnabel and Herman M. Widmann, and four others. Judgment was entered in pursuance of that direction, in favor of the bank and against defendants named in the præcipe furnished the prothonotary, and execution issued against defendants. Later Schnabel and Widmann petitioned the court to strike off the judgment alleging it to be improperly entered and confessed, for the reason that it was a joint judgment entered by payee against maker and endorsers of the guaranty of payment and founded on two separate warrants of attorney. A rule to show cause was granted. Subsequently counsel for plaintiff filed with the prothonotary a copy of the note,

the original being on file in the prothonotary's office, authorizing and directing that officer to enter judgment against the persons who signed the agreement on the reverse side of the obligation. Later Schnabel and Widmann presented their petition asking that the second judgment be stricken off because the power authorizing it had been exhausted by the entry of the first judgment, which remained of record in the common pleas. The court granted a rule on plaintiff bank to show cause why this second judgment should not be stricken from the record. An answer filed by the bank admitted all facts shown in the record, but averred the subsequent judgment was properly confessed and entered upon an authorized and sufficient warrant, unused and unexhausted, the warrant being that set forth on the back of the note. After hearing, the motion to strike off was dismissed, the rule discharged, and from this order the case comes before us on appeal by petitioners.

Appellants present but one assignment of error, to the effect that at the time plaintiff caused the first judgment to be entered against the Park Hill Coal Company, Schnabel, Widmann, and four others, it thereby used and exhausted that warrant and no authority remained for the second confession which was consequently irregular and invalid. It is undoubtedly true that the law as stated in this assignment of error as to the first judgment is a correct statement of an old and firmly established rule of law in this Commonwealth, recognized by our courts for a century: Mars Nat. Bank v. Hughes, 243 Pa. 223, 225. But is the present case controlled by that rule? The learned court below found it was not so governed.

The situation and circumstances of this dispute are quite plain. It should first be noted that but one written instrument figures in this litigation. On its face it is undoubtedly a judgment note, signed by the Park Hill Coal Company as maker, payable to the order of the Union

Bank of Nanty-Glo, and containing a warrant of attorney authorizing confession of judgment. It is a complete obligation on the part of the coal company to pay the amount set forth in the note, the company being without question primarily liable, and against whom the plaintiff bank, payee, was authorized, by virtue of the power of attorney contained in the body of the instrument, to enter judgment and proceed to execution for the amount of the debt. There is more to this obligation. On the reverse side is a printed form by which the note was, for value received, assigned to the Union Bank of Nanty-Glo, with a guarantee of payment at maturity and direction that "The prothonotary of any court of record is hereby directed to any time enter judgment against" the signers, Schnabel and Widmann, appellants, and four other persons.

The sole question to be determined is whether the entry of the second judgment was based on a warrant of attorney that, having once been exercised, was consequently exhausted and functus officio, or upon another and separate unused warrant. It will be necessary to give attention to the comparative import and intent of the agreements set forth on each side of the note and the attached signatures.

The contract on the face of the paper admits of no doubt as to its nature. It obligates the maker, the Park Hill Coal Company, to pay the sum of $6,000 to plaintiff bank, and in default of payment at maturity empowers any attorney of record to appear for the maker and confess judgment in favor of the bank. The only signature to this instrument is that of the coal company, with the customary additions of the name of the president and treasurer of the corporation. That judgment, entered on the note against the only signer to it, the Park Hill Coal Company, and no others, would be regular, valid and operative, is obvious, and it is equally plain that the entry of a second or subsequent judgment by virtue of the same warrant would be wholly irregular.

This court has held in numerous cases that a judgment, entered by the prothonotary upon an authority to confess contained in a written instrument, exhausts the power and a second judgment entered by that authority is illegal and should be stricken off. The prothonotary has no better right than an attorney-at-law to enter two judgments on a single warrant: Ely v. Karmany, 23 Pa. 314, 316. That, however, is not the situation here. Not only was the second judgment based upon an entirely separate warrant from that by which the first was supported, but the first was wholly a nullity in so far as it stood against other persons than the Park Hill Coal Company, sole signer to the note and the only authorizer of the exercise of the included warrant of attorney. Instead of a confession of judgment against the Coal Company, the primary debtor, the prothonotary was directed to enter, and did enter, judgment against the corporation and also against Schnabel and Widmann, appellants, who were not primary obligors. As to which of the warrants plaintiff bank used for its first entry, the conclusion is inevitable that it was the one set forth on the face of the note, since, as the court below says, no reference is made in the record of the first judgment to the collateral agreement endorsed on the back of the instrument, which contained the only authority there was to enter judgment against petitioners. At this point we have reached a situation similar in principle, to that in Stewart v. Lawson, 181 Pa. 549, where Stewart leased, in the same instrument, two hotel properties to Jackson, the lease containing a provision for amicable ejectment and a power of attorney to confess judgment. Jackson later leased the properties separately to two different subtenants; and the original lessee having failed to meet the rent, judgment was confessed by lessor against Jackson and the two subtenants. An application by Lawson, a subtenant, to have the judgment stricken off as to him was refused by the court below and this court in reversing that decree said (page 550):

"We have then a judgment entered against three defend-
ants on a warrant of attorney signed by one of them
only. The only ground on which it is attempted to sus-
tain the judgment against Lawson is that he was a sub-
tenant and bound by the terms of the lease......but we
find no authority for entering a judgment against Law-
son. He had not signed the warrant of attorney, and
his coming in as a subtenant gave no authority to con-
fess judgment against him. A judgment by confession
must be self-sustaining on the record, and as there is
nothing in this record to sustain a judgment against
Lawson the rule to strike it off should have been made
absolute." This is exactly the situation of Schnabel and
Widmann, petitioners in this case. They did not sign
the warrant of attorney set out on the face of the note,
and the fact that they were signers to the other and sep-
arate one contained in the collateral guaranty of pay-
ment on the reverse side of the paper furnished no au-
thority for including them as defendants in the first con-
fession of judgment.

There remained, however, unexecuted the warrant of
attorney in the collateral obligation on the back of the
note, signed by Schnabel and Widmann, and of this
plaintiff could take advantage in another effort to se-
cure payment of its loan. This advantage it availed it-
self of by entering judgment on that warrant against
petitioners. The judgment so entered was regular and
valid, being against the actual signers of the warrant of
attorney upon which it was entered.

We have said above that the second judgment re-
corded on this paper was based on a wholly independent
agreement and warrant of attorney from that set forth
on the face of the obligation. From its terms the con-
tract on the back of the instrument constituted an agree-
ment to pay, collateral to the obligation of the coal
company, the primary debtor, not signed by the coal
company, but executed by appellants here and under-
stood and intended by them as their individual and sep-

arate promise to pay the note upon maturity if the maker defaulted; and in the event of its default to pay, they authorize, in a warrant of attorney entirely separate from the one on the face of the note, entry of judgment against them.

Counsel for plaintiff and the court below have relied upon the case of Agricultural Trust Co. v. Brubaker & Shaub, 73 Pa. Superior Ct. 468, which is in fact similar to the present case. There Brubaker executed and delivered to Shaub a promissory note, under seal, and in and by the same instrument the maker confessed judgment in the sum named. On the same day Shaub, payee, executed on the back of the paper an obligation to the Agricultural Trust Company, by which he guaranteed payment of the note at maturity and authorized confession of judgment against him in favor of the company. In default of payment, the trust company entered judgment on the obligation against Brubaker and Shaub. A situation developed similar to the present controversy, Shaub, claiming he had not signed the note containing the warrant of attorney on which judgment had been entered, and that the only signer was Brubaker. Subsequently, as in the case in hand, judgment was entered against Shaub alone on the warrant of attorney signed by him on the back of the note. In sustaining the judgment the court said: (page 474) "The undertaking of Shaub with the bank was undeniably collateral in its nature and effect......That being true, the warrant of attorney he had given authorizing confession of a judgment against him directly to the bank on his collateral obligation to it, had never been executed until the prothonotary entered a judgment in favor of the trust company and against Shaub, in accordance with the tenor and effect of the obligation he had created and the warrant of attorney he had signed."

Appellants' rule to show cause why the judgment entered against them should not be stricken off was properly discharged by the court below.

Judgment affirmed at appellants' costs.