From Luke H. Frasher, Uniontown, Pa.

## Flowers v. Exton

*John R. Keister,* for plaintiff; *Scott Fink,* for defendant.

COPELAND, P. J., January 4, 1932.—In this case judgment was confessed on June 14, 1930, by virtue of a warrant of attorney in a lease of a radio receiving set, the lease being dated June 25, 1928.

Prior to the entry of this judgment in the court of common pleas at the above number and term, the plaintiff had instituted an action of assumpsit on the same instrument before one John E. Irwin, a justice of the peace of Irwin Borough, Westmoreland County, Pa. On February 15, 1930, judgment in that action was rendered in favor of the plaintiff, E. H. Flowers, against George V. Exton, the defendant, for the sum of $118.50, the amount for which judgment has been confessed by virtue of the warrant of attorney in this proceeding. Within the time allowed by law the defendant appealed from the judgment of the justice of the peace and caused a transcript of the proceeding before the justice of the peace to be filed in the office of the Prothonotary of Westmoreland County at No. 587, May Term, 1930.

In his answer to the petition to strike off the judgment the plaintiff, E. H. Flowers, alleges that he discontinued his action before the justice of the peace immediately before he caused the confession of judgment to be entered in the court of common pleas at the above number and term on or about June 14, 1930.

The questions to be determined are, first, did the action on the lease, on which judgment is confessed, before the justice of the peace and the judgment rendered thereon and appeal taken regularly to the court of common pleas and

filed therein in the proper office, exhaust the power to proceed on the warrant of attorney in the lease and bar this action; and, second, if so, is it proper to strike off this judgment and compel the plaintiff to pursue his remedy he originally instituted before the justice of the peace?

There is a line of cases which holds that suit will not lie on a judgment nor by virtue of a warrant of attorney after suit, and after judgment has been entered on the same.

Martin v. Rex, 6 S. & R. 296, was a case where a bond was entered on the same warrant of attorney in two different counties, on which a rule was granted to show cause why the judgment entered in the second county should not be vacated. Subsequently the rule was made absolute. It is said in that case, quoting from page 298:

"This judgment was entered by the plaintiff himself, in pursuance of our act of assembly. I believe it has been not unusual for attorneys to enter judgment in different counties, under a warrant on the same bond. But in such cases, having acted without authority, they are answerable for the consequences; and where the obligee causes judgment to be entered on the same bond, in different counties, without the intervention of an attorney, he also is answerable for the consequences. We are of opinion that the rule should be made absolute."

In the case of Dixon v. Miller, 20 Pa. C. C. 335, it was said by Judge Doty (quoting from page 336):

"The material facts are not in dispute. Plaintiff brought suit before a justice on a judgment note, containing a warrant of attorney, and recovered judgment. Afterward judgment was entered in this court by virtue of the same warrant of attorney and execution issued thereon. One judgment only can be entered by virtue of a warrant of attorney. After the entry of a judgment the warrant is functus officio: Martin v. Rex, 6 S. & R. 296. The debt is merged in a security of a higher nature, and the judgment must be pursued, either by bringing an action on it or by issuing a testatum execution: Livezly v. Pennock, 2 Brown 321; Adams v. Bush, 5 Watts 289.

"Suit would not lie on the note after judgment by virtue of the warrant. The only action would be on the judgment itself. So there could be no judgment by virtue of the warrant of attorney after suit and judgment on the same instrument.

"On a judgment note containing a warrant to confess judgment a judgment can be obtained by action on the note or by virtue of the warrant, but two judgments cannot be obtained on the same instrument; otherwise oppression would result.

"The judgment of this court was, therefore, without authority. In such case the proper practice is to vacate the judgment and set aside the execution: Martin v. Rex, supra; Hutchinson v. Ledlie, 36 Pa. 112; Knox v. Flack, 22 Pa. 337."

It was said in the case of Osterhout v. Briggs, 37 Pa. Superior Ct. 169, 171, that:

"The action of the plaintiff in causing the first judgment to be entered was a complete execution of the power conferred by the warrant of attorney and resulted in the entry of an actual judgment in a court having jurisdiction of the subject matter; this judgment, it is true, was irregular and voidable at the instance of the defendant only, but it was not absolutely void, and as against parties other than the defendants it was not even voidable. . . . The power conferred by the warrant of attorney was exhausted by the entry of the first judgment, although that judgment was irregular and liable to be defeated by the defendants in case they took proper action to that end and did not estop themselves by acquiescence. The second judgment was, therefore, likewise

irregular and the court below committed no error in striking it off: Philadelphia *v.* Johnson, 23 Pa. Superior Ct. 591; s. c., 208 Pa. 645."

In the case of Philadelphia *v.* Johnson, 208 Pa. 645, it was said by Judge Smith, who wrote the opinion for the Superior Court (page 646):

"In the history of the case it is said that 'the suit was discontinued by the appellee;' the plaintiff's answer to the defendant's application to vacate the judgment sets forth, first, that the judgment 'was satisfied by reason of the fact that the action in ejectment was prematurely brought'—the lessor having accepted rent after the notice to quit by which he intended to end the term—and, next, that the plaintiff 'discontinued the action brought.' This leaves much to conjecture. A discontinuance after judgment is unknown in practice; and, while a recovery in ejectment may be released, the satisfaction of a judgment implies that its fruits have been received by the plaintiff. But, whatever the import of these allegations, it is undeniable, on both principle and authority, that the power was fully executed by the entry of judgment and thereupon ceased to exist."

In that case, in the per curiam opinion of the Supreme Court, at page 648, it is said:

"Under the power of attorney delivered in this case a judgment was entered June 5, 1902. As the learned judge of the Superior Court has clearly shown, on both reason and authority, that act was an exhaustion of the power conferred by the warrant. The confession of the second judgment on the same warrant was a nullity."

Then there is a line of cases which holds that where a suit is brought before a magistrate to recover the amount due, and judgment is obtained by the plaintiff from which the defendant appeals, the plaintiff can subsequently discontinue and bring suit in the court of common pleas for his claim.

In Lamson Consolidated Store Service Co. *v.* Lavin, 13 Dist. R. 273, 275, it was said:

"Under the Act of March 20, 1810, Sec. 4, 5 Sm. Laws 161, it is provided: 'The whole proceeding in case of appeal shall be certified to the prothonotary of the proper county, who shall enter the same on his docket, and the suit shall from thence become graded with, and be subject to, the same rules as other actions when the parties are considered to be in court.'

"There can be no doubt that on the appeal the proceedings in the common pleas are *de novo*, and unless the judgment appealed from was for defendant, it is difficult to see why the plaintiff cannot do as in any suit, discontinue and begin anew. Having discontinued, he could not, of course, have recourse to the judgment before the magistrate, but we can see no reason why, having paid, and the defendant having accepted, the costs legally chargeable, the plaintiff may not, as in this case, begin a new suit in which he seeks to recover, not for part of what he claims the defendant owes him, but for all. His act prevents a multiplicity of suits."

In 10 P. & L. Dig. Dec., c. 17339, under the title of Justice of the Peace, we find this language:

"A justice's judgment unappealed from, or from which an appeal has been taken but discontinued, is a bar to plaintiff's further proceeding for the same cause, whether before the same justice or in another court."

In 34 C. J. 771, Sec. 1189, we find this language:

"It has been held in some jurisdictions [including Pennsylvania] that the pendency of an appeal from a judgment deprives the judgment of that character of finality which is necessary to constitute it an estoppel, and for that reason it cannot be set up as a bar to a new suit."

In the same volume, page 770, Sec. 1186, we find this language:

"A judgment cannot be set up in bar of a subsequent action unless it was a final judgment on the merits, adjudicating the rights in litigation in a conclusive and definitive manner . . . it must be such as puts an end to the particular litigation."

It was contended, therefore, that these general principles of the law thus stated do not bar the plaintiff from discontinuing his action where he has obtained judgment before a justice of the peace and the same has been appealed from and the appeal perfected both before the justice of the peace and by duly, regularly and legally filing the same in the prothonotary's office. The reasoning seems to be that the proceeding on an appeal from an action before a justice of the peace in the court of common pleas is de novo; that there is no finality of judgment; that the status of the plaintiff before the justice of the peace is just as much up in the air and as uncertain after the appeal has been taken from the judgment of the justice of the peace to the court of common pleas as before the suit was instituted before the justice of the peace.

We are fearful this is the trend of the decisions of our appellate courts, although we have found no case in Pennsylvania which squarely decides the question raised. If this be the law, to this court it seems a travesty on the law itself to allow a plaintiff, who, having two remedies, has selected the one to the exclusion of the other, to discontinue that remedy and pursue the other, for he has by his action caused the defendant inconvenience, trouble and expense which has availed him nothing. We feel that in a case like the instant one, where the plaintiff has chosen his remedy by bringing his action against the defendant before a justice of the peace and has obtained judgment against him, from which an appeal has been taken and regularly filed in the prothonotary's office, he should be compelled to follow that action and not be permitted to discontinue the same and bring a new action in the court of common pleas, which would again put the defendant to inconvenience, trouble and expense.

However this may be, it was said in the case of Souter v. Baymore, 7 Pa. 415, 417-418:

"But a judgment must be, in its nature, final before it can be permitted to operate as an estoppel. He who adduces it as a means of conclusive defense must be able to show that, until reversed, it binds the respective rights of the parties to it, or his antagonist may go behind it."

In the case of Thompson v. Graham, 246 Pa. 202, it was said in Mr. Justice Stewart's opinion, at page 204:

"The argument is that, inasmuch as the judgment had been appealed from by the defendant, it was not final; that the appeal opened or annulled it, leaving the matter to be proceeded with de novo. The argument would be forceable were its premises admitted."

We are constrained to hold, in the face of the trend of the decisions and text-writers in questions of this character, that where an appeal is taken from the judgment of a justice of the peace by the defendant where judgment is rendered against him, and the same perfected both before the justice of the peace and by filing the same in the prothonotary's office, there is no finality of judgment. It seems from all the authorities that, if the controversy had ended before the justice of the peace by reason of judgment given by him, that would have ended the case, and under those circumstances the motion of the petitioning defendant to strike off the judgment would have been sustained, but the judgment in this case before the justice of the peace is not a final judgment which would bind either party or their property. Once an appeal is taken to the court of common pleas, whatever future action is taken as the result of the proceeding on appeal

654

will be by the direction of the court of common pleas and not by the direction of the justice of the peace upon his judgment. A different state of affairs would also have arisen had an appeal been taken by either party and the same not perfected. In that instance the judgment of the justice would be final, but where an appeal is taken according to the law relating thereto, the proceeding after it gets into the common pleas court is de novo, and, therefore, does away with the finality of the judgment before the justice of the peace.

And now, to wit, January 4, 1932, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the rule to show cause why the judgment confessed by virtue of the warrant of attorney contained in the lease issued upon the petition of the defendant to strike off the judgment filed February 16, 1931, be and the same is hereby discharged.

From William S. Rial, Greensburg, Pa.