## Martin v. Parks

*William R. Reynolds*, for plaintiff.
*William T. Kelsh*, for defendant.

MILNER, J., April 26, 1944.—Defendant in this case filed a petition and rule to strike off the judgment en-

tered against him on March 17, 1944, for possession of a portion of premises 1508 Lombard Street, Philadelphia, and for the sum of $295 damages for detention.

On February 15, 1941, defendant leased the front two rooms on the second floor of premises 1508 Lombard Street for a term of two years at the monthly rental of $12.50, payable in advance. On March 17, 1944, defendant having failed to pay the rent from and after October 15, 1941, a period of 30 months, plaintiff, as agent for the lessor, entered the above judgment in accordance with paragraph 9 of the lease, conferring authority upon any attorney to appear for the lessee in an amicable action in ejectment and confess judgment against the lessee for possession of the premises and damages for detention.

Defendant asserts as his ground for this rule to strike off the judgment "that this is the third judgment entered in this case by plaintiff against defendant, upon the same instrument by the same parties, and upon the same issue and subject matter". He alleges that on July 29, 1942, a judgment was entered by plaintiff against defendant before Magistrate Joseph A. McDevitt, from which an appeal was taken to the Municipal Court, then to Court of Common Pleas No. 7, and then to the Superior Court of Pennsylvania. He also alleges that on June 22, 1943, plaintiff brought an action in ejectment against defendant before Magistrate Charles Medway, upon which the said magistrate entered a judgment in ejectment against defendant, from which judgment defendant took an appeal to the Municipal Court on July 14, 1943.

Plaintiff has filed an answer to defendant's petition denying all of defendant's allegations. He avers that in July 1942, defendant being nine months in arrears in rent, he brought an action against defendant before Magistrate McDevitt for possession of the leased premises under the Act of March 31, 1905, P. L. 87; that

an appeal from this judgment was taken by defendant to the Municipal Court; that on December 12, 1942, defendant brought a suit in equity in Court of Common Pleas No. 7, praying that Magistrate McDevitt, his constable, and plaintiff be restrained from issuing writs of execution on the judgment; that Court of Common Pleas No. 7 dismissed the bill in equity; that defendant then filed an appeal in the Superior Court of Pennsylvania, which court reversed the lower court and remanded the proceedings. Plaintiff also avers that on March 10, 1943 (the defendant then being 18 months in arrears in the payment of rent), he instituted proceedings under the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, in Magistrate Medway's court for possession of the premises and for damages, whereupon defendant appealed the case to the Municipal Court and thereafter plaintiff discontinued the proceedings on March 16, 1944, prior to the institution of the present action.

In Parks v. McDevitt et al., 153 Pa. Superior Ct. 428, President Judge Keller, in delivering the opinion of the court, pointed out that the Act of March 31, 1905, P. L. 87, is limited to cases where a tenant shall hold possession of real estate, either by license or lease, for any time less than one year, or by the month, or for an indeterminate time; and provides that it "shall not be construed as authorizing the dispossession of a tenant before the expiration of his . . . lease". The lease in this case is for two years. He calls attention to the fact that Magistrate McDevitt *did not enter judgment* for possession against defendant, but nevertheless did issue a writ of restitution directed to the constable, directing him forthwith to deliver to the lessor (this plaintiff) full possession of the demised premises and levy the sum of $87.50 on the goods and chattels of the tenant (this defendant) awarded as damages and costs. The court held (p. 431) that "the writ of resti-

tution is based on no judgment at all, and the tenant could neither appeal from, nor certiorari to the common pleas, a nonexistent judgment. His only course was to proceed in equity to restrain the execution of a writ which was issued without the entry of the judgment necessary to support it."

The decree of the lower court sustaining preliminary objections to the bill was therefore reversed and defendants were required to answer over on the merits. Although the matter is therefore still pending before Court of Common Pleas No. 7, it is evident that no judgment for possession was entered in the proceedings before Magistrate McDevitt and no valid judgment could be entered therein under the Act of 1905, supra.

From plaintiff's answer it appears that the second proceeding before Magistrate Medway, when defendant was 18 months in arrears in the payment of the rent, was brought under the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, which applies to demises for a term of one or more years or at will. Judgment for possession and for damages was entered on June 9, 1943. Defendant appealed the matter to the Municipal Court of Philadelphia, which amounted to a supersedeas: Act of June 25, 1869, P. L. 1275, sec. 1. The suit was discontinued on March 16, 1944, which was prior to the institution of the present action. (The docket entries show the costs were paid at the time of discontinuance.) In Gardner v. Kiehl, 182 Pa. 194, 199, the Supreme Court of this State held that "plaintiff might discontinue the first suit and reply that there was no such action pending".

The matter came before us for argument on the petition and answer and therefore defendant is bound by the averments in plaintiff's answers. Defendant has claimed that the judgment entered in this case is "the third judgment entered in this case upon the same instrument by the same parties". Plaintiff in his answer denies and questions this averment. In Exler v.

American Box Co., 226 Pa. 384, it was decided that if the facts are denied or questioned upon a rule to strike off a judgment the judgment cannot be stricken off. Although it has been held that a warrant of attorney to confess judgment is exhausted when used and a second judgment entered thereon will be stricken off (Bellevue Boro. v. Hallett, 234 Pa. 191), it is apparent from the record that the judgment in this case is the first one that has been entered under the authority of clause 9 of the lease, which is filed in the instant proceedings, whereby the lessee, this defendant, agreed that, at the termination of the term, which has taken place, any attorney may appear for him in an amicable action in ejectment and therein confess judgment against him for recovery of the premises and damages for detention. From the record it is apparent that this is the first time the authority to enter judgment under the said clause of the case has been used, and that it is the only actual and valid judgment of record in favor of plaintiff and against defendant in this matter.

It is true that under the judgment before Magistrate McDevitt a money judgment of $80 for rent in arrears was entered, but plaintiff in this case has deducted that sum from the sum of $375 owed by defendant for 30 months' rent in arrears at the time this suit was brought and has entered judgment only for damages for detention in the sum of $295. There is, therefore, no duplication in the assessment of damages, but in any event the opinion of the Superior Court stamps the money judgment entered by Magistrate McDevitt as invalid and void.

Defendant relies upon the case of Philadelphia v. Johnson, 208 Pa. 645, in which the court held that a landlord who enters a judgment in ejectment under a warrant of attorney in a lease thereby exhausts his remedy and cannot enter a second judgment and evict the tenant. This case is not apposite because in the case at bar the judgment is the first one entered under the

warrant of attorney in the lease. The institution of proceedings by a landlord under the Landlord and Tenant Act before an inferior tribunal to recover possession of the demised premises does not estop the landlord from subsequently using the confession of judgment in an amicable action of ejectment and issuing a writ of habere facias possessionem for the reason that the two remedies are not inconsistent: Cronin v. Hoffa, 4 Justices' Law Reporter 16 (1898). In the case of Cronin v. Hoffa the tenant entered a rule to open a judgment entered upon a confession of judgment in an amicable action of ejectment contained in a lease and for leave to have it stricken off, where prior proceedings upon the same lease before two justices of the peace and a jury of freeholders under the Act of March 21, 1772, 1 Sm. L. 370, were pending and undetermined and costs unpaid. President Judge Terry of the Court of Common Pleas of Sullivan County discharged the rule upon the discontinuance by plaintiff of the proceedings before the justices of the peace and payment of the costs therein and permitted plaintiff to issue an alias writ of habere facias possessionem, saying:

"The doctrine of election of remedies is mistakenly invoked by the defendant. It is applicable only when the modes of procedure adopted are inconsistent and not, as in this case, where though productive of the same result they do not involve any disaffirmance of the contract."

In the case at bar no judgment for possession was entered by Magistrate McDevitt and the case before Magistrate Medway has been discontinued and the costs have been paid.

Furthermore, in the case of Philadelphia v. Johnson, supra, defendant's rule was to open the judgment, not to strike it off. The two remedies are quite distinct. A rule to open a judgment is an equitable rule resting in the discretion of the court and based upon some matter

of fact. An application to strike off a judgment is a proceeding on the law side of the court and raises questions of irregularity or insufficiency appearing upon the face of the record: Hamborsky v. Magyar Presbyterian Church, 78 Pa. Superior Ct. 519. A judgment regular upon the face of the record will not be stricken off. Johnson v. Royal Ins. Co., 218 Pa. 423. With respect to the judgment in this case there is no irregularity or insufficiency appearing on the face of the record.

Defendant is a lawyer, who was formerly admitted to practice in this court but is not now practicing law before the court, and has occupied the demised premises for 30 months and has failed to pay his rent for 30 months. He has never advanced a persuasive reason why he should not pay the rent but has resorted to various dilatory and delaying actions in order to avoid payment of the rent, and harass plaintiff. Although the term of his lease has expired he still occupies the demised premises. His petition in this case is without merit and is dismissed and the rule to strike off the judgment in this case is discharged.

NOTE.—An appeal from the foregoing decision was taken to the Superior Court of Pennsylvania, but a judgment of non pros was entered therein on September 25, 1944.