## Weinroth v. Loev et al.

*G. T. Guarnieri*, for plaintiff.
*L. Weinroth*, for defendants.

SMITH, P. J., May 24, 1951.—This matter comes before the court on defendants' rule to show cause why the judgment of plaintiff against her should not be stricken off. On November 18, 1949, Benjamin Weinroth, as lessor, and Herbert Loev and Sylvia and Leonard Josephs, as lessees, entered into a lease for premises 4024 Market Street, Philadelphia, for a term of one year at a rental of $1,500 per annum payable at the rate of $125 per month in advance from November 21, 1949. The said lease, paragraph 16, provides:

"If rent and/or any charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid Lessee hereby empowers any Prothonotary or attorney of any Court of Record to appear for Lessee in any and all actions which may be brought for rent and/or the charges, payments, costs and expenses reserved as rent, or agreed to be paid by the Lessee and/or to sign for Lessee an agreement for entering in any competent Court an amicable action or actions for the recovery of rent or other charges or expenses, and in said suits or in said amicable action or actions to confess judgment against Lessee for all or any part

of the rent specified in this lease and then unpaid including, at Lessor's option, the rent for the entire unexpired balance of the term of this lease, and/or other charges, payments, costs and expenses reserved as rent or agreed to be paid by the Lessee, and for interest and costs together with an attorney's commission of 5%. Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent and/or other charges reserved as rent shall fall due or be in arrears, and such powers may be exercised as well after the expiration of the original term and/or during any extension or renewal of this lease."

On October 13, 1950, by reason of certain alleged defaults in the performance of the terms of the lease by defendants, plaintiff caused a judgment to be confessed on the lease in the Court of Common Pleas No. 1 of the County of Philadelphia as of September term, 1950, no. 2188. Defendants thereupon caused a rule to be filed to strike the judgment from the records by reason of defects in confessing the judgment and thereupon the rule to strike off the judgment was made absolute by the Court of Common Pleas No. 1. Defendants had averred that the attorney for the lessee failed to enter into an agreement for an amicable action or actions for the alleged recovery of rent or other charges.

On December 9, 1950, plaintiff again confessed judgment on the same confession of judgment and on the same lease in the Court of Common Pleas No. 5. Defendants now file a rule to strike off this judgment upon the theory that the authority to confess a judgment was exhausted by the entry of the judgment stricken off by the Court of Common Pleas No. 1. Plaintiff contends that the authority to confess judgment was not exhausted by the prior alleged confession as the lease between the parties specifically states that the authority to confess the judgment shall not be

exhausted by one exercise thereof. The provision of the lease referred to, says:

"Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent and/or any other charges reserved as rent shall fall due or be in arrears and such powers may be exercised as well after the expiration of the original term and/or during any extension in renewal of this lease."

We do not believe that the terms of the lease give unto plaintiff any additional power after the warrant of attorney has been exhausted. In the Court of Common Pleas No. 1 plaintiff entered judgment on the warrant of attorney for the entire balance of the rent. The provision of the lease giving plaintiff authority to take judgment from time to time as rent in the future comes due and is unpaid, means just that and no more. It cannot be conceived that in a case where plaintiff claims the entire rent in one action that he can come back again and ask for judgment for the same rent in another action. The warrant of attorney to confess judgment is an extraordinary remedy and must be strictly construed against the party in whose favor it is given: Baldwin et al. v. American Motor Sales Company, 309 Pa. 275, 277. In Mars National Bank v. Hughes, 243 Pa. 223, 225, it was stated:

"When the first judgment was entered pro confesso, the power of attorney was exhausted and the warrant became functus officio. After the entry of the first judgment, neither the court, the prothonotary, nor the attorney who confessed the judgment, had power to do any act which would have the effect of giving vitality to an exhausted power. This is a settled rule of law in Pennsylvania and has been recognized by our courts for a century. In recent years it was reasserted in Philadelphia v. Johnson, 208 Pa. 645; Com. v. Massi, 225 Pa. 548; Bellevue Boro. v. Hallett, 234 Pa. 191."

In Hogsett et al. v. Lutrario, 140 Pa. Superior Ct. 419, 424:

" 'It has long been the law that in entering judgment on a warrant of attorney the authority given thereunder must be strictly followed or the judgment cannot be sustained'." . . . "When a judgment is entered upon a warrant of attorney and such judgment is void, the warrant of attorney is exhausted. Neither the court, the prothonotary, nor the attorney who confessed the judgment has power to do any act which would have the effect of giving vitality to the power of attorney: Mars National Bank v. Hughes, 243 Pa. 223, 89 A. 1130."

It will be noted in the case of Hogsett v. Lutrario, supra, that the lease contains the provision that any attorney "as often as default is made" in the payment of rental may appear for lessee and confess judgment against him.

Such granting of a rehearing on an application to open a judgment may be within the discretion of the court, but we believe that the law is firmly stated. The strict application of the rule preventing the entry of a second judgment on a warrant of attorney has been uniformly followed by the courts in spite of numerous efforts to distinguish particular cases and take them without the general rule. Plaintiff has exhausted his remedy. It was said in Maricic v. Slesser, 44 D. & C. 693, 696, in an able opinion by Woodside, J., of Dauphin County:

"It was then contended that if a judgment was entered on a power of attorney prematurely, or without filing a formal confession, or without filing a declaration, and for any of these reasons was stricken off as irregular, it did not amount to a use of the power and that a judgment could be subsequently entered which would be valid, but the courts always held the entry of the first judgment, even though irregular and stricken

off, had exhausted the power: Osterhout v. Briggs, 37 Pa. Superior Ct. 169; Philadelphia v. Johnson, 23 Pa. Superior Ct. 591, 208 Pa. 645; S. Jacobs & Son v. Busedu, 95 Pa. Superior Ct. 132; Commonwealth v. Massi, 225 Pa. 548; Bellevue Borough v. Hallett, 234 Pa. 191."

For the reasons above advanced, we find that the warrant of attorney is no longer available to plaintiff and we make the following

*Order*

And now, to wit, May 24, 1951, the petition to strike off the judgment entered as of Court of Common Pleas No. 5, December term, 1950, no. 582, is granted and the judgment is hereby stricken from the record.