State v. Bertin and Capdevielle.

No. 3417.—STATE *v.* PIERRE BERTIN and JEAN CAPDEVIELLE.

Persons on trial on a charge of burglary have the legal right to confront the witnesses who appear against them face to face. An examination by the jury under an order of the court of the place or house where the crime is alleged to have been committed, away from and out of the presence of the accused, while the trial is going on, is a violation of this right, and the ruling of the judge *a quo* directing the jury to retire to such place and make the examination out of the presence of the accused, will be reversed on appeal, and the cause will be remanded to the court *a qua* for a new trial.

APPEAL from the First District Court, parish of Orleans. *Abell, J.* *Simeon Belden,* Attorney General, for the State. *James O. Walker,* for defendants and appellants.

HOWE, J. The defendants having been convicted of burglary while armed with a dangerous weapon, were duly sentenced and have appealed.

We deem it necessary to examine but one point, which is presented by a bill of exceptions, and that is that certain proceedings were had and testimony taken on the part of the State during the progress of the trial out of the presence of the accused, and in spite of their objection. This point, if tenable, is of the gravest moment. The object of law is the doing of real justice, and nothing can be more painful to the legal mind than the conviction of an innocent man. It is but natural and proper, therefore, that criminal jurisprudence should protect the accused person by numerous safeguards, and among these is the rule that, in general, every proceeding of his trial should take place in his presence. For, peradventure, if he be present he may at any moment, by a question, a suggestion, an argument, or even a glance, confound his accusers, vindicate his innocence, or at least mitigate his punishment. Especially is his presence proper at the taking of testimony against him; and, therefore, in this State, as in many others of the Union, it is wisely provided by the Constitution (article six) that the accused shall have the right of meeting the witnesses against him face to face.

Now, in this case it seems plain that this rule has been transgressed. In the midst of the trial, on motion of the State, the judge *a quo* directed the jury to retire from the courtroom and visit and inspect the premises where the burglary was alleged to have been committed. He directed a witness for the State to accompany them and point out the places marked out on the diagram of the premises which the witnesses had testified to the day before, and which the State had offered in evidence. The accused were not permitted to attend this inspection of the premises, and the explanations of the State witness, his pointing out to the jury the relations between the diagram already in evidence and the premises inspected, took place out of the presence of the accused. Why such proceedings were permitted, we are not

NEW ORLEANS, JANUARY, 1872.

State v. Bertin and Capdevielle.

informed, and can not imagine. The judge *a quo* states at the foot of the bill of exceptions that the jury were specially instructed not to converse with the witness, and the witness was instructed "to make no explanations, but to confine himself to pointing out appearances as described in the said diagram."

Concede that in the absence both of the accused and the judge (for the judge did not accompany the expedition), the witness and the jury obeyed these instructions to the letter. It would result merely that the witness gave testimony on the premises, out of court, and in the absence of the accused, in the same way that a dumb person gives testimony, namely, by signs. (Greenleaf, vol. 1, sec. 366, and cases cited.) And it needs no argument to prove that the effect of such "pointing out," in dumb-show, is as potent with a jury as if the verification of the diagram had been enforced with a multitude of words.

It is therefore ordered that the judgment appealed from be reversed and the verdict set aside, and the cause remanded for a new trial according to law.