## Commonwealth v. Beattie.

*Criminal law—Trial—Trial judge—Authority to sit—Objection—Waiver.*
1. If there is any question as to the right of the trial judge to sit, the right to object is waived by going to trial.

*Criminal law — Trial — View by jury — Consent of court — Absence and without knowledge of defendant.*
2. Where the jury, while out in an automobile, which was provided for them for the purpose of getting air, without the knowledge or consent of the defendant or his counsel, visit the place where the crime is alleged to have been committed, a new trial will be granted.
3. A jury is not permitted to view the place where the crime was committed without the knowledge or consent of the court and in the absence of defendant or his counsel and without their knowledge.

Murder. Operating automobile while under the influence of intoxicating liquor. O. and T. Phila. Co., Dec. Sess., 1926, Nos. 493 and 925.

*Michael A. Foley*, Assistant District Attorney, and *Charles Edwin Fox*, District Attorney, for Commonwealth.

*William A. Gray*, for defendant.

REED, P. J., O. C., 47th judicial district, specially presiding, June 20, 1927.— The defendant was convicted of murder of the second degree, and his counsel made a motion for an arrest of judgment and a new trial and filed several

reasons in support thereof. While a great number of reasons are assigned, at the time of the argument counsel for the defendant particularly emphasized three or four of the reasons assigned, and the first was the right of the trial judge to sit at the time of the trial. For reasons hereinafter stated, we do not propose going into this question at length, further than to say that, in the first place, we have no doubt about having had statutory authority to sit and try this case, and, in the second place, if there was any question in regard to giving the trial judge authority to sit, the defendant and his counsel waived the right to question his jurisdiction when defendant submitted himself for arraignment and went to trial and failed to raise the question till after the Commonwealth had concluded its case and the defendant's counsel had opened his case to the jury. Furthermore, the failure of the counsel for the defendant to make any request for permission to have his client withdraw from the trial, or to have a juror withdrawn and the case continued, is sufficiently convincing to warrant the court in holding that the defendant was entirely satisfied to be tried by the sitting judge, and that the only reason for raising the question was to give him an opportunity to get a new trial in case of an adverse verdict. To sustain the position of the trial judge as announced, we cite the following authorities: Act of March 24, 1887, P. L. 14; Com. v. Bell, 4 Pa. Superior Ct. 187; Corporation F. & F. Co. v. Stoffregen, 264 Pa. 215; Com. v. Dattala, 77 Pa. Superior Ct. 320; Tracey v. Pendleton, 23 Pa. 171; American Trust Co. v. Kaufman, 287 Pa. 461; Byers v. Byers, 208 Pa. 23; Jeannette Borough v. Roehme, 197 Pa. 230; Greenwood v. State, 116 Ind. 485; Kennedy v. State, 53 Ind. 542; Smurr v. State, 105 Ind. 125; Schlungger v. State, 113 Ind. 295.

When a party to an action protests against the legality of the proceeding and still remains and takes part, even though he continues to protest, he is bound by the result of the trial, that is to say, he may not have the advantage of having a favorable award or verdict, even though he has protested, and if he fails to secure an award to his liking, then claim that he should have another hearing for the reason that he protested. It is his duty either to withdraw from the case or abide by the decision of the jury: McManus v. McCulloch, 6 Watts, 357; Walls v. Wilson, 28 Pa. 514; Kann v. Bennett, 234 Pa. 12; Christman v. Moran, 9 Barr, 487; Bingham's Trustee v. Guthrie, 19 Pa. 418; McCune v. Lytle, 197 Pa. 404; Somerset Borough v. Ott, 207 Pa. 539.

There was no question about the court in which the defendant was tried being a court of competent jurisdiction, and, that being the case, we hold that the trial judge had jurisdiction over the defendant, and that, when the defendant submitted himself to the jurisdiction of the trial judge, he waived all his rights to question the authority of the trial judge to sit in the case, especially so when he remained and submitted his defence to a jury after he raised the question.

We have gone over all of the reasons filed in this case and the able brief of counsel for the defendant, and we do not propose to discuss them in this opinion further than to say that we find no reversible error. We hold that the defendant had a fair trial and that such technical errors that crept into the case were not prejudicial to the defendant, and, further, that the evidence adduced on the part of the Commonwealth was sufficient to warrant the verdict which the jury rendered in the case. Therefore, if it were not for what occurred during the trial of the case in the absence of the court and the defendant and his counsel, we see nothing in the case that would warrant us in granting a new trial.

Commonwealth v. Beattie.

However, it appeared at the time of the argument, from the testimony of Aubrey W. Trenchard, one of the jurors, that the jury, while out in an automobile, which was provided for them for the purpose of getting some air, which permission was not objected to and is not now objected to, took it upon themselves to visit and view the place where it was alleged the accident took place. This witness's evidence is, in part, as follows: "Q. Did you or did you not visit the scene of the accident on one of the trips that you made on the bus, such as you have indicated? A. We did. Q. At whose suggestion? A. I don't know as I can recall whose suggestion it was. It was unanimous at the time. It was suggested—we were possibly within a square or so of the place. It seems as though six or eight of the jurors drove machines and were familiar with the location where the accident took place. When we were in the general neighborhood, some one suggested that the scene of the accident occurred just a short distance from where we were at the time, and asked— let me see—I think they did, some one asked the chauffeur if they could drive down Lansdowne Avenue. Q. But the suggestion was made by one or more of the jurors? A. Yes. Q. And as the suggestion was made by six or seven they unanimously agreed? A. Yes. Q. That they should go around to the place? A. Yes. Q. Did you go there? A. Yes. Q. And did you inspect it? A. The bus did not stop; just slowed down at the turn. Q. Did you and the other jurors make observations? A. Yes. I did; I don't know about the others. Q. Then did you discuss those observations among yourselves?"

Mr. Foley: "That is objected to."

Mr. Gray: "I am not talking about their deliberations afterwards, after the case was placed in their hands."

The Court: "You can ask them whether they discussed the matter at that time among themselves."

Mr. Foley: "That is objected to."

Mr. Gray: "Let him answer the question as his Honor put it."

The Court: "Yes. We're not saying how it is going to affect us."

By the Court: "Q. Did you discuss it while you were on the ground? A. I believe there was a general discussion. Q. You don't know what was said? A. I don't know as I could recall just what was said."

By Mr. Gray: "But there was a discussion—I don't care about the details? A. Yes."

The law as laid down in 16 Corpus Juris, 816, is as follows: "View by jury. It is generally held that the defendant is entitled to be present when the jury are taken to view the place of the crime on the ground that this is the taking of evidence and a part of the trial. The right, however, is in the nature of a special privilege which is for the benefit of the accused alone, and, hence, it has been held that it is not essential that he should be present, and that the privilege may be waived expressly by counsel in defendant's presence, or by the failure of the accused to request or to avail himself of the privilege of accompanying the jury, or by refusing to go with the jury."

This question has not been squarely decided by the higher courts in this State, so far as we have been able to find, either from the decisions submitted by counsel for the defendant or from our own investigations, but it has been decided in some twenty-eight or thirty states of the Union by the appellate courts, all of which held that a jury may not take a view in the absence of defendant unless the right to be present has been waived either by the defendant or his counsel, and while our own appellate courts have held that a jury may take a view in the presence of his counsel when ordered to do so by the court, or in the absence of counsel or defendant when ordered to do so by the

court when the defendant and his counsel had the privilege of going with the jury and being at the *locus* when the view was made, yet none of the decisions have gone so far as to hold that a jury may view without the knowledge or consent of the court and in the absence of defendant or his counsel without his knowledge.

In this case, there was no physical point or mark on the *locus* that identified and fixed the exact place of the accident. The witnesses, however, did identify, through oral testimony, the place as near as they could recall it, and the jury, while out taking some air, without either permission or instructions of the court or the knowledge or consent of the defendant or his counsel, attempted to find the location or spot where the cars came together when the deceased child was killed, and the testimony was that they had a general discussion in regard to the place, and no doubt the jury received impressions as to the location from which they attempted to draw conclusions, and this could not be anything but improper and harmful in the case.

The Constitution guarantees to the defendant the right to be personally confronted by the witnesses and all such testimony that may be submitted to the jury, and when the jury undertook to hunt the evidence, as was done in this case, in the absence of the defendant, he was denied a constitutional right which entitles him to a new trial. What was observed on the view by the jury was part of the evidence, and while statements made by witnesses must be considered, yet they were not bound to be controlled thereby if an examination of the premises led to a different conclusion: Gorgas v. Railroad Co., 144 Pa. 1.

The following Pennsylvania cases, while not deciding the question, are helpful in aiding the court in determining whether or not the defendant or his counsel should have had the privilege of being present at the time the jury viewed the place where the deceased was killed: Com. v. Van Horn, 188 Pa. 143; Sommer v. Huber, 183 Pa. 162; Mix v. North American Co., 209 Pa. 636; Prine v. Com., 18 Pa. 103; Com. v. Miller, 139 Pa. 77; Com. v. Fisher, 226 Pa. 189.

It has been held in the following cases in other states that a jury may not take a view in the absence of the defendant, unless the right to be present is actually waived: Elias v. Territory, 9 Ariz. 1; Whitley v. State, 114 Ark. 243; People v. Searle, 33 Cal. App. 228; Haynes v. State, 71 Fla. 585; Chance v. State (Ga.), 119 S. E. Repr. 303; State v. McGinnis, 12 Idaho, 336; Shular v. State, 105 Ind. 289; State v. Stratton, 103 Kan. 226; Carney v. Com., 181 Ky. 443; State v. Bertin, 24 La. Ann. 46; State v. Slorah, 118 Me. 203; People v. Auerbach, 176 Mich. 23; Foster v. State, 70 Miss. 755; State v. Sanders, 68 Mo. 202; State v. Landry, 29 Mont. 218; Neal v. State, 32 Neb. 120; State v. Hartley, 22 Nev. 342; State v. Buzzell, 59 N. H. 65; People v. Thorn, 156 N. Y. 286; Colletti v. State, 12 Ohio App. 104; Starr v. State, 5 Okla. Cr. Rep. 440; State v. Chee Gong, 17 Ore. 635; State v. Congdon, 14 R. I. 458; State v. Mortensen, 26 Utah, 312; Noell v. Com., 135 Va. 600; State v. Lee Doon, 7 Wash. 308; Sasse v. State, 68 Wis. 530; Jenkins v. State, 22 Wyo. 34.

Therefore, after a careful consideration of the evidence pertaining to the view of the jury without the knowledge or consent of the court, the defendant, or his counsel, and the law pertaining thereto, the twenty-sixth reason for a new trial, which reads as follows, "Because the jury before whom the above case [was] tried, without the knowledge or the permission of counsel for the defence and without the knowledge or consent or in the presence of the defendant, were taken to view the place where the accident, which formed the

Commonwealth v. Beattie.

basis of the subject-matter of the indictment, occurred, and took into consideration what they there learned in reaching their deliberations," must be sustained.

And now, June 20, 1927, it appearing from the evidence of one of the jurors that the jury viewed the premises without the knowledge or consent of the court, of the defendant or his counsel, and in their absence, the twenty-sixth reason presented by counsel for defendant for a new trial, which is as follows, "Because the jury before whom the above case was tried, without the knowledge or the permission of counsel for the defence and without the knowledge or consent or in the presence of the defendant, were taken to view the place where the accident, which formed the basis of the subject-matter of the indictment, occurred, and took into consideration what they there learned in reaching their deliberations," is sustained, and a new trial is granted.