## Harr, Secretary of Banking, et al. *v.* Furman, Appellant.

Argued November 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*M. Bernard Hoffman,* with him *Robert Grey Bushong,* for appellant.

*George J. Mallen,* Special Deputy Attorney General, with him *Jean De B. Bertolet, William Brodsky,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE MAXEY,* January 4, 1943:

The issue presented by this appeal arises from the use of a warrant executed by the appellant authorizing the entry of "judgment . . . for the sum of $16,000.00 . . . debt, besides costs of suit and all expenses for effecting insurance . . ." In the warrant it was also agreed, that "if . . . any part thereof, has to be collected by proceedings at law, then an attorney's fee of ten per cent should be added to and collected as part of the costs of such proceedings, . . .". This "warrant of attorney" was a separate instrument accompanying defendant's bond dated December 24, 1924, securing a mortgage given by the Reading Bottle Stopper Co., to the Hirsh Luria Building and Loan Association, later in the hands of the Secretary of Banking as Receiver, the appellee herein.

---

* Mr. Justice MAXEY became Chief Justice on January 4, 1943, after this opinion was filed.

All three instruments recited the penal sum of $32,000.00 to secure the payment of $16,000.00, and presumably all three papers were executed and delivered on December 24, 1924, although the warrant leaves the date of execution blank.

The plaintiff-appellee filed his præcipe on November 2, 1936, directed to the Prothonotary of Berks County to "enter judgment in favor of . . . Receiver . . . of Hirsh Luria Building and Loan Association, Plaintiffs, and against Samuel Furman, defendant, upon the warrant of attorney filed herewith . . . ". This was followed in the same præcipe with directions to "assess the plaintiffs' damages as follows:—Balance due on principal on bond, $8,000.00, Interest from April 1, 1933, to October 29, 1936, $1,714.66, attorney's fee at 10% $800.00, total $10,-514.66 . . . ". The opinion of the Court below, supported by the docket entries, shows that, "the prothonotary entered judgment on the docket to No. 373 October T. 1936, J. D.* as follows:—R. D.** $10,514.66 by leave of Court Judgment entered in favor of Plaintiff and against the Defendant on an Affidavit Præcipe Bond and Warrant attached dated December 24, 1924, in the penal sum of $32,000.00. The real debt being $10,514.66, payable as specified in said Bond and Warrant. Int. from April 1, 1933, to October 29, 1936, and Attorney's fee 10% included in the above amount. Waiver. . . ." It appears to us that the Prothonotary, following out the specific directions of the præcipe, here *entered judgment for $10,514.66* on a "Bond and warrant . . . in the penal sum of $32,000.00". But the parties all treat this entry as the entry of *a judgment in the penal sum of $32,000.00,* and we will so consider it for the purposes of this case.

Upon the issuance of an execution on September 19, 1941, by direction of the Receiver, there followed procedural errors which tend to obscure the pivotal question in this case.

---

* "J. D." means Judgment Docket.
** "R. D." means real debt.

First, the defendant filed his petition and obtained a rule to strike off this judgment directed to two issues: (a), the entry was in form and substance in derogation of the authority of the Act of February 24, 1806, P. L. 334 (12 PS 739), and, (b) a defense on the merits of the judgment. The latter was apparently abandoned, and it does not appear either in the statement of questions involved or in the assignments of error, or in the argument of the case, and need not concern us further. The plaintiff then attempted to again exercise the warrant of attorney, this time by leave of Court, directing entry of judgment to No. 185 October Term 1941, J. D., on an agreement for amicable action to No. 106 November Term 1941, therein confessing judgment by an attorney "for the sum of $16,000.00 with interest from this date and costs", by virtue of the same warrant filed to No. 373 October Term 1936, J. D. The defendant then amended his petition to strike off the judgment averring "that the entry of the 'second' judgment . . . is an abandonment of the 'first' judgment, and an admission that the said judgment is void and should be stricken off." The plaintiff thereafter filed a responsive answer to the defendant's first petition, and a few days later filed his answer to the amended petition denying his intention to abandon the first judgment or as an admission that it is void, but averred that the second "entry of judgment . . . was made for the sole purpose of protecting respondent's lien in the event that the judgment entered to No. 373 October Term, 1936, J. D. should be held void . . ." These answers were followed by defendant's petition to strike off the second entry of judgment because the first "entry of judgment . . . exhausted the said warrant" and here again the petition referred to the merits of the case. The plaintiff filed a responsive answer thereto. Then, on February 11, 1942, the plaintiff filed a petition "to correct the sum of $16,000.00 as authorized by the præcipe for the entry of judgment . . . , and further grant leave to consolidate the judgment entered by confession to No. 185 October Term, 1941, J. D. . . .

with the judgment entered to No. 373 October Term, 1936, J. D." To this petition, the defendant demurred. Upon consideration of all the proceedings, the Court below ordered that the first judgment be amended and entered, so that the entry in the docket contain the clause "in the sum of $16,000.00" instead of "in the sum of $32,000.00", otherwise it remains the same in tenor and effect so far as it relates to the real debt of $10,514.66; that the second entry be set aside and vacated; and that the rule to strike off and vacate the first judgment be discharged. This appeal followed.

We can find no error in the decree of the Court below. It is well settled by the decisions of this Court that when judgment by confession upon defendant's warrant is once entered, the power is exhausted and the warrant becomes functus officio. It is equally well settled, that, while after its exercise and the entry of judgment thereon, there is no further power in either court or officer to do any act that may be considered a revival of the power, such as a confession of a second judgment based on a different ground or for a different amount, the plaintiff is nevertheless entitled to correct the judgment to conform to the facts: *Altoona Trust Co. v. Fockler*, 311 Pa. 426, 435, 165 A. 740. Hence, the question here is whether the first judgment is subject to correction by motion to amend since a second judgment has been entered under the same power of attorney. Clearly, the second judgment was a nullity, since the power of attorney was exhausted when the first judgment was entered and the warrant then was functus officio. This was decided in *Philadelphia v. Johnson*, 208 Pa. 645, 648, 57 A. 1114, where we held: "that where a judgment has been entered under an ejectment clause in a lease, no second judgment can be entered under the same clause; and this is the case although the first judgment may have been prematurely entered, or may have been voidable from matters outside the record." That the defect in the first judgment is formal, cannot be doubted. The confession called for a judgment in the sum of $16,000.00.

The real debt was entered at $10,514.66. Thus the amount is not in excess, but considerably short, of that called for by the warrant of attorney. Even if the judgment was entered as shown "in the penal sum of $32,-000.00", this error by the Prothonotary was a clerical one. The plaintiff had no responsibility in its entry. His præcipe called only for the "entry of judgment . . . upon the warrant of attorney . . ." without mentioning the amount of the judgment. The error was in the entry by the Prothonotary of the penal sum as the principal debt. Such errors do not make void the judgment, and as the defect is formal there is no reason why it should not be subject to judicial correction to conform to the facts.

The judgment is affirmed.