## Crescenza v. Sesqui Loan Corporation

*Lipsius & Lipsius,* for plaintiff.
*A. L. Scaricamazza,* for defendant.

WINNET, J., May 12, 1947.—This suit is to recover overcharges and penalty provided by the Small Loans Act of June 17, 1915, P. L. 1012, 7 PS §755. Defendant admits the overcharge but resists the penalty, contending it was due to an honest and unintentional mistake in calculation.

On April 17, 1944, plaintiff borrowed $300 from defendant, a small loans corporation, licensed by the Department of Banking pursuant to statute. The loan was repayable in 50 weekly installments. Plaintiff was grossly delinquent. Finally, in January 1946, a judgment was entered against her in the sum of $306.30 for unpaid principal and interest. Thereafter execution was issued on the judgment, and on February 25, 1946, plaintiff paid $419.80 to stay the sheriff's sale. The amount included the judgment, interest and costs of the legal proceedings.

Plaintiff thereafter discovered that in the calculation of interest on the loan there was an overcharge of $9.39. And this is admitted by defendant. Plaintiff also discovered that in the amount demanded by defendant to stay execution, there was a mistake in calculation in the amount of the costs. Although there was dispute as to amount, the record now indicates that defendant received a return of $17.01 on the deposit of $75 made with the sheriff. There was also a charge of $2 for a "search" which was not warranted. The charge of $4.87 for satisfying the judgment, defendant still retains awaiting the outcome of this case. The overcharge to plaintiff, therefore, was $19.01. Defendant has always admitted that there would be a balance due plaintiff after the sheriff's refund on the deposit.

The main problem posed by the suit is whether plaintiff can recover the penalty under the act even though the overcharge was due to an honest mistake in calculation. Plaintiff by no means admitted that this overcharge was an honest error. However, there is nothing to indicate that it was otherwise.

Defendant's business is regulated by statute. That it is required strictly to observe the injunctions and mandates of the statute is clearly indicated in Commonwealth v. Pennsylvania Loan Corp., 127 Pa. Su-

perior Ct. 253, 257. The court discusses the ingenious subterfuges employed by the lenders of money to evade the usury laws prior to the adoption of the Act of 1915, saying:

"Recognizing these evils, the legislature passed the act, in which it enacted, in no doubtful or uncertain language, that those who desired to loan money at the liberal interest rate of 3½ per centum per month— seven times greater than permitted for the usual loan —could not, under any pretext whatsoever, charge or collect any additional fee, fine or other charge. How the language of the statute could be more comprehensive, it is difficult to conceive."

The Small Loans Act of 1915, as amended, 7 PS §755, authorizes any corporation that shall obtain a license as provided by the act to loan money in the sum of $300 or less and "to charge the borrowers thereof, for its use or loan, interest at a rate not to exceed three (3) per centum per month on that part of the unpaid principal balance . . . No fees, fines, or other charges, either in addition to or as a part of the above specified interest, shall be charged or collected under any pretext whatsoever". It also provides that the person who shall pay any excess shall be entitled to recover "any and all sums of money so charged and paid in excess of the amount of the original loan, together with interest at the rate of six (6%) per centum per annum upon unpaid balances up to the date of final payment of said loan, and in addition fifty ($50) dollars as a penalty, to be paid to the borrower": Commonwealth v. State Loan Corporation, 116 Pa. Superior Ct. 365, 371, says: "An act of assembly of this character should receive interpretation favorable to the borrower . . ."

Considering the intent to be accomplished by this act and the express words of the statute, I have concluded that the charge made against the borrower must

be accurate at the peril of the penalty of this act. Neither an oversight nor an honest mistake in calculation can excuse a small loan corporation operating under this act from making and collecting excess charges. Plaintiff, therefore, is entitled to recover the penalty of the act, the overcharge and interest.

The question arises as to whether the judgment entered on this improper calculation was void so as to entitle plaintiff to recover all costs which she was required to pay in order to stay execution on the judgment. A mistake in calculation cannot vitiate a judgment which is properly entered. A court may correct a mistake in a judgment. See Davis v. Commonwealth Trust Co. et al., 335 Pa. 387, Harr et al. v. Furman, 346 Pa. 138. Defendant was forced to institute the proceedings in order to collect the balance due. It should, therefore, recover the costs.

Counsel for plaintiff has also argued that he should be permitted to amend her statement of claim to allow recovery of even the principal of the debt under section 6(c) of the act. (7 PS §759(c).) This section is intended to apply to loans in other jurisdictions: Frank v. Equitable Credit & Discount Co., 45 D. & C. 646. Judge James G. Gordon, Jr.'s excellent opinion is directly in point and leaves nothing more to be said about the subject.

Plaintiff has paid defendant the total sum of $534.50, including principal, interest and costs. In accordance with the act plaintiff's liability is measured by the principal of the debt, $300, interest at six percent from April 17, 1944, to February 25, 1946, $34.50; sheriff's and prothonotary's costs, including costs to satisfy the judgment, $77.23, or the total sum of $411.73. Plaintiff has, therefore, overpaid the sum of $122.77. The plaintiff is also entitled to the penalty of $50, or the sum of $172.77, with interest from February 25, 1946, amounting to $12.56, or the total sum of $185.23.

The court finds for plaintiff in the sum of $185.23.