## Walton v. Corby (No. 2)

*William H. Mitman*, for plaintiff.
*Lawrence Aglow*, for defendant.

RILEY, J., December 8, 1964.—A judgment note was executed on October 1, 1960, by William H. Corby, Inc., and William Corby to the order of plaintiff payable within 30 days from its date. On August 8, 1961, plaintiff entered confession of judgment against William H. Corby, Inc. and on January 16, 1963, entered judgment against William H. Corby individually. Defendant William H. Corby petitioned this court to open the

latter judgment on the ground that he had not signed the note as to render himself personally liable and such petition was refused by the opinion and order of President Judge Gawthrop on November 13, 1963. No appeal was taken from this order, but on January 2, 1964, William H. Corby filed a petition and rule to have such judgment stricken based upon the sole ground that the warrant to confess judgment was exhausted upon entry of judgment against William H. Corby, Inc. and hence the subsequent entry of judgment against him individually was totally without authority and void.

While it is unquestionably the law that where a power of attorney to confess judgment is exercised and results in a void judgment it thereby is exhausted and cannot be extended to a second exercise: Hogsett v. Lutrario, 140 Pa. Superior Ct. 419; Harr v. Furman, 346 Pa. 138; Dillman v. Dillman, 10 Chester 262; we do not find such to be the factual record before us. The liability assumed by the parties to the note in question was joint and several: Act of April 6, 1953, P. L. 3, sec. 3-118(e), 12-A PS §3-118(e). Each party to the note authorized entry of judgment with respect to his and its individual liability thereon. Reason does not dictate nor have we found or been supplied with any legal precedent that would require the single entry of a judgment against each maker at the same time or even in the same court. In effect there are before us two liabilities assumed and two warrants of attorneys to confess judgment and therefore the entry of judgment against one maker does not constitute an exercise of the warrant given by the other maker and consequently such warrant was available to be later exercised.

Wherefore this December 8, 1964, the petition and rule to show cause why the judgment entered against William H. Corby in favor of Joel M. Walton should not be stricken is hereby dismissed.