405 A.2d 514

**Thomas J. RILEY, Appellant,**

v.

**Herbert M. COBE.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Decided May 25, 1979.

Petition for Allowance of Appeal Denied Oct. 12, 1979.

438

Allen L. Feingold, Philadelphia, for appellant.

James S. Kilpatrick, Jr., Ardmore, for appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Appellant contends that the trial court improperly attempted to alter the amount of a judgment which had been entered upon a compulsory arbitration award after the period for appeal therefrom had expired. We agree and reverse.

Appellant, Thomas J. Riley, commenced an action against Herbert M. Cobe, appellee, to recover damages to property and for personal injuries arising from an automobile accident on December 25, 1973 in Lower Merion Township, Montgomery County. In due course, the action was submitted to compulsory arbitration and resulted in an award of $3,039.30 in favor of appellant. By virtue of a prior request made by both counsel, the arbitration board itemized the award, specifying that $1,935 was for personal injuries and $1,104.30 for property damage. No appeal was filed from this award. After the time therefor had expired, appellant caused judgment to be entered on the award. Still later, appellee filed a petition to "correct, amend or open" the judgment by excluding therefrom the $1,104.30 awarded as property damages. In support of his petition, appellee produced a cancelled check which had been issued by his liability insurance company and delivered to appellant's collision carrier in the amount of $789.83. Appellant filed an answer in which he denied knowledge of such a check. He also denied that he had agreed to accept any amount less than the total loss which he had sustained. The actual amount of his property damage, he now argues, was determined by the arbitration board to be $1,104.30. He contends that even if appellee is entitled to a credit for the sum of $789.83 previously paid, he cannot be deprived of the unpaid balance of the award.

At the time of the arbitration hearing, counsel for the parties were uncertain whether the property damage claim

had been adjusted by the respective insurance carriers. In order to permit further investigation, therefore, it was agreed to ask the arbitrators to itemize any award in favor of appellant to reflect separately the award for property damage and that for personal injuries. Appellee's contention, as pleaded in his petition to amend the judgment, is that appellant agreed that if the collision loss had been adjusted by the insurance companies, appellant would accept an additional $100, representing the deductible feature of the policy, in full satisfaction of his claim for property damage.

Appellee's motion to amend the judgment was listed for argument and was argued before the learned trial judge on appellee's petition and appellant's answer denying the averments of the petition. Depositions had not been taken, and no evidence was submitted to assist the court in deciding the factual dispute concerning the terms of the parties' agreement. Following argument, the court entered an order directing the Prothonotary to amend the amount of the judgment to $2,035.[1]

■ Section 24 of the Act of June 16, 1836, P.L. 715, § 24, 5 P.S. § 54, provides: "Every [arbitration] award . . . shall have the effect of a judgment . . . *until reversed upon appeal, or satisfied according to law.*" (Emphasis added.) However, Section 26 of the same Act, as amended, 5 P.S. § 57, permits the several courts of common pleas to set aside awards of arbitrators, on due proof that the arbitrators have misbehaved themselves or that the award was "procured by corruption, or other undue means." In the absence of misconduct on the part of the arbitrators, it has been held, the only remedy for a mistake in fact or of law, is by appeal. *Morgan's Appeal,* 110 Pa. 271, 4 A. 506 (1885); *Wynn v. Bellas,* 34 Pa. 160 (1859); *Walls v. Wilson,* 28 Pa. 514 (1857); *Wienckowski v. Widdoes,* 3 D. & C.3d 435 (C.P.

---

1. This was determined by adding $100 to the damages awarded by the arbitrators for personal injuries.

Delaware 1977); *Baltimore Business Forms v. Medical Data Control, Inc.,* 52 D. & C.2d 325 (C.P. Delaware 1968).

■ In the instant case, the trial court relied upon the inherent power of a court to correct mistakes in its own judgments. See: *Peyton v. Margiotti,* 398 Pa. 86, 156 A.2d 865 (1959); *Davis v. Commonwealth Trust Company,* 335 Pa. 387, 7 A.2d 3 (1939); *Great American Credit Corporation v. Thomas Mini-Markets, Inc.,* 230 Pa.Super. 210, 326 A.2d 517 (1974). In the instant case, however, the court did not correct a mistake. Instead, by its order it attempted to alter the amount of the award entered by the arbitrators. That award had been entered after a full hearing at which the parties had been present and represented by counsel. There was no mistake in the award, and the parties have not suggested that the award was improperly recorded. See: *Harr, Secretary of Banking v. Furman,* 346 Pa. 138, 29 A.2d 527 (1943); *Davis v. Commonwealth Trust Company,* supra. The disputed agreement between counsel, whatever the precise terms thereof, related to satisfaction of the award and did not purport to limit the power of the arbitration board to hear the evidence and decide the case. If appellee found the award unsatisfactory, his remedy was by appeal. When he failed to take an appeal within the time allowed therefor the award became final. Thereafter the court of common pleas could not alter the decision of the arbitrators or change the amount of the damages awarded. See: *Kuhn v. Friedsam,* 17 Adams 205 (C.P.1976).

We are in sympathy with the difficulties experienced by the trial court in attempting to bring to an end this bitterly contested and seemingly interminable litigation. These difficulties, however, do not permit us to close our eyes to the defective procedure followed and which, if permitted, would deprive appellant of the award entered in his favor.

The order amending the original judgment is reversed and set aside, and the original judgment of $3,039.30 is reinstated.